UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL WATSON, INDIVIDUALLY, AND AS FATHER AND NEXT FRIEND OF JOHN WATSON, Plaintiff | |
| v. | |
| PARTNER INDUSTRIAL PRODUCTS, Defendant    MAGISTRATE JUDGE | |

04 11782 DPW

RECEIPT # _____ 58005
AMOUNT $150
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 8/16/04

**NOTICE OF REMOVAL**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS:

Pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendant, Electrolux Professional Outdoor

Products, Inc. (improperly named in the Complaint as "Partner Industrial Products" and hereinafter

referred to as "Electrolux"), hereby gives notice of the removal to this Court of this action, which was

commenced in the Commonwealth of Massachusetts, Suffolk County Superior Court (Civil Action No.

04-2012-F). As grounds for this removal, Electrolux respectfully states as follows:

1.      The plaintiff, Michael Watson, Individually and as Father and Next Friend of John

Watson, brought this action in Suffolk County Superior Court by a complaint that was served upon

Electrolux by certified mail and was received on or August 2, 2004. (See Summons and Complaint

attached hereto as Exhibit A.)

2.      According to the complaint, the plaintiff is an individual residing in the Commonwealth

of Massachusetts.

3.      The named defendant, Partner Industrial Products, n/k/a Electrolux Construction

Products North America, is an unincorporated division of Electrolux.

4.    The removing party, Electrolux, is an Ohio corporation with its principal place of business in Kansas.

5.    The plaintiff's action is a civil action over which this Court has diversity subject-matter jurisdiction under 28 U.S.C. § 1332, because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the action is between citizens of different states.

6.    Electrolux is entitled to remove the plaintiff's action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, because the Court has original jurisdiction over the action; the action is pending within this District and Division; and Electrolux is not a citizen of Massachusetts.

7.    Copies of all process and pleadings served on Electrolux in this action are attached hereto as Exhibit A.

Signed, pursuant to Fed. R. Civ. P. 11, on August 13, 2004

ELECTROLUX PROFESSIONAL OUTDOOR
PRODUCTS, INC.
By its attorneys,

David A. Barry, BBO No. 031520
SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

Dated:  August 13, 2004

2

## CERTIFICATE OF SERVICE

I, David A. Barry, hereby certify that on the above date I served the foregoing document, by mailing a copy of same, postage prepaid, to the following counsel of record:

James E. Byrne, Esquire
Finneran, Byrne & Drechsler, LLP
50 Redfield Street
Boston, MA 02122

David A. Barry

Doc. #353025

3

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT

MICHAEL WATSON, INDIVIDUALLY,
AND AS FATHER AND NEXT FRIEND OF
JOHN WATSON,

                          Plaintiffs,

v.

PARTNER INDUSTRIAL PRODUCTS,

                          Defendant.

CIVIL ACTION
NO:      04-2012F

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

1.    The plaintiff, Michael Watson, is a resident of Dorchester, Suffolk County,
      Commonwealth of Massachusetts.

2.    The plaintiff, John Watson, is a minor who brings this action by his father and next
      friend, Michael Watson, and is a resident of Dorchester, Suffolk County, Massachusetts
      and is the minor child of Michael Watson.

3.    The defendant Partner Industrial Products ("Partner Products") is a foreign corporation
      with a principal place of business located at 1151 Bryn Mar Avenue, Itasca, IL 60143.

4.    Jurisdiction over the defendant, pursuant to M.G.L. c. 223A, §3, arises from the
      defendant's:

      (a)    transacting business in the Commonwealth of Massachusetts;

      (b)    contracting to supply services or things in the Commonwealth of Massachusetts;

      (c)    causing tortious injury by an act or omission in the Commonwealth of
             Massachusetts;

      (d)    causing tortious injury in the Commonwealth of Massachusetts by an act or
             omission outside of the Commonwealth of Massachusetts and regularly doing and
             soliciting business, and engaging in other persistent courses of conduct, and

deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts; and/or

(e)    being registered to do business in Massachusetts.

5.    On or about December 5, 2001, the plaintiff, Michael Watson, while working as a laborer on the Central Artery Project also known as "the Big Dig," in Boston, Massachusetts, was caused to sustain severe and permanent personal injuries as a result of using a hand-held model K2300 EL electric cut-off saw (hereinafter "cut-off saw"). After cutting iron rods from a construction wall and while descending a ladder, the cut-off saw contacted Mr. Watson's left leg, severing his peroneal nerve which required emergency surgery.

6.    The defendant, Partner Products, designed, developed, tested, manufactured, assembled, marketed, packaged, distributed and/or sold the subject cut-off saw.

## COUNT I
### (Negligence - Partner Industrial Products)

7.    The plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 6.

8.    The defendant, Partner Products, failed to use reasonable care when it initiated and participated in the design, development, testing, manufacture, assembly, marketing, packaging, distribution and/or sale of the subject cut-off saw. The product was defective and unreasonably dangerous because, among other things, it was not equipped with adequate guards and/or a blade braking mechanism to protect users from injury and which the defendant knew, or should have known, were likely to cause injury to foreseeable users.

9.    The defendant knew, or should have known, of the dangerous and defective nature and condition of the product and distributed it in a way that Partner Products foresaw, or should have foreseen, would probably result in the use of the product by a person such as Michael Watson, who would likely be ignorant of the dangerous nature of the product.

10.   The defendant failed to disclose all of the relevant information regarding the risks associated with the use of the product and failed to adequately warn foreseeable users of all the dangers associated with use of the product.

11.   As the direct and proximate result of the defendant's negligence and carelessness, Michael Watson was caused to suffer severe and permanent personal injuries.

WHEREFORE, the plaintiffs demand judgment against the defendant, Partner Industrial Products, in a full, fair and just amount, together with interest and costs, and for such other relief as may be appropriate.

## COUNT II
### (Breach of Warranties - Partner Industrial Products)

12. The plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 11.

13. The defendant, Partner Products, is a merchant with respect to goods of the kind which caused Michael Watson's injuries, and expressly and impliedly warranted that the product was merchantable, safe and fit for the particular purpose for which is was being used when it caused injury.

14. The defendant knew, or had reason to know, the particular purpose for which the product was required and that the plaintiff, Michael Watson, was relying on the defendant's skills and judgment to select and furnish suitable goods. The product, the component parts from which it was constructed, and the warnings and instructions that accompanied the product were defective, and, therefore, the product was not in merchantable, safe or fit as warranted by the defendant.

15. The defendant further breached the warranties of merchantability with respect to the plaintiff in that the cut-off saw was not a reasonably safe product because:

    a. The foreseeable risks exceeded the benefits associated with the product;

    b. The product is more dangerous than ordinary consumers would expect and more dangerous than other products marketed at the same time for the same purpose;

    c. The product did not have adequate, effective warnings and instructions in light of the dangers associated with its use; and

    d. The product failed to have adequate guards and/or a blade braking mechanism.

16. As the direct and proximate result of the defendant's breach of warranties, Mr. Watson was caused to suffer severe and permanent personal injuries.

WHEREFORE, the plaintiffs demand judgment against the defendant, Partner Industrial Products, in a full, fair and just amount, together with interest and costs, and for such other relief as may be appropriate.

- 3 -

## COUNT III
### (Loss of Consortium, Parental Affection and Society - Partner Industrial Products)

17. The plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 16.

18. As a direct and proximate cause of the defendant, Partner Product's, negligence and breach of warranty, the plaintiff, John Watson, has been deprived of the parental affection, care, comfort, society, counsel, services and earning capacity of his father, Michael Watson.

WHEREFORE, the plaintiffs demand judgment against the defendant, Partner Industrial Products, in a full, fair and just amount, together with interest and costs, and for such other relief as may be appropriate.

## DEMAND FOR TRIAL BY JURY

The plaintiffs hereby demand a trial by jury on all counts so triable asserted above.

Respectfully submitted,
THE PLAINTIFFS,
By their attorneys,
FINNERAN, BYRNE & DRECHSLER, L.L.P.,

James E. Byrne, Esq.
B.B.O.#: 068560
Thomas Drechsler, Esq.
B.B.O.#: 134840
50 Redfield Street
Boston, MA 02122
(617) 265-3900

Date: May 7, 2004

- 4 -

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

04-2012 F

No._____

Michael Watson, Individually and as Father and
Next Friend of John Watson, _____ , Plaintiff(s)

v.

Partner Industrial Products, _____ , Defendant(s)

## SUMMONS

To the above-named Defendant: Partner Industrial Products:

You are hereby summoned and required to serve upon____ James E. Byrne, Esq. of ____
Finneran, Byrne & Drechsler, LLP

plaintiff's attorney, whose address is____ 50 Redfield Street, Boston, MA  02122 , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the____ 7th _____ day of
____ May _____ , in the year of our Lord two thousand ____ four _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
   each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

|  |  |  |
|---|---|---|
| **CIVIL ACTION COVER SHEET** | DOCKET NO.(S) 04-2012F | **Trial Court of Massachusetts Superior Court Department** County: Suffolk |

Partner Industrial Products,

PLAINTIFF(S) Michael Watson, Individually and as Father and Next Friend of John Watson,

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
James E. Byrne, Esq. (617) 265-3900
50 Redfield Street
Boston, MA 02122
Board of Bar Overseers number  068560

ATTORNEY (if known)

**Origin code and track designation**

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231, s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P.60) (X)
- [ ] 6. E10 summary Process Appeal(X)

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Products Liability | ( A ) | ( X ) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

| | | |
|---|---|---|
| A. Documented medical expenses to date: | $ | |
| 1. Total hospital expenses | $ | 13,095.36 |
| 2. Total doctor expenses | $ | |
| 3. Total chiropractic expenses | $ | 11,941.69 |
| 4. Total physical therapy expenses | $ | 396.00 |
| 5. Total other expenses (describe)............Ambulance | $ | 25,433.05 |
| Subtotal | $ | 208,664.82 |
| B. Documented lost wages and compensation to date | $ | |
| C. Documented property damages to date | $ | unknown |
| D. Reasonably anticipated future medical and hospital expenses | $ | unknown |
| E. Reasonably anticipated lost wages | $ | |
| F. Other documented items of damages (describe) | $ | 208,664.82 |

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

While working on the Central Artery Project ("the Big Dig"), the plaintiff, Michael Watson, sustained a severed peroneal nerve in his left leg, which has required him to undergo extensive medical treatment, including surgery and physical therapy, and which has left him with a permanent loss of function. As a result of his injuries, the Plaintiff is permanently unable to return to his former employment as a construction laborer. The plaintiff, John Watson, makes claim for his loss of his father's parental affection and society.

$
**TOTAL $**        234,097.87

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
234,097.87

**TOTAL $**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT  NONE

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide clients with information about court-connected dispute resolution services and discuss with then the advantages and disadvantages of the various methods

DATE:  May 2, 2004

Signature of Attorney of Record

AOTC-6 mtc005-11/99    A.O.S.C. 1-2000

## Commonwealth of Massachusetts
### County of Suffolk
### The Superior Court

CIVIL DOCKET# **SUCV2004-02012-F**

RE:    Watson et al v Partner Industrial Products

TO:James E Byrne, Esquire
Finneran Byrne & Drechsler
50 Redfield Street
Eastern Harbor Office Park
Boston, MA 02122

### TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court
Standing Order 1-88. The order requires that the various stages of litigation described below
must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 08/09/2004 |
| Response to the complaint filed (also see MRCP 12) | 10/08/2004 |
| All motions under MRCP 12, 19, and 20 filed | 10/08/2004 |
| All motions under MRCP 15 filed | 08/04/2005 |
| All discovery requests and depositions completed | 06/30/2006 |
| All motions under MRCP 56 served and heard | 08/29/2006 |
| Final pre-trial conference held and firm trial date set | 12/27/2006 |
| Case disposed | 05/11/2007 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be
notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline
for filing return of service.**

This case is assigned to session F sitting **in CtRm 2 - 12th fl., 90 Devonshire St., Boston,
Suffolk Superior Court.**

Dated: 05/18/2004

Michael Joseph Donovan
Clerk of the Courts

BY: Martin J. Conley/Timothy Walsh
Assistant Clerk

Location: CtRm 2 - 12th fl., 90 Devonshire St., Boston
Telephone: 617-788-8131

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior
Court at (617) 788-8130

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Michael Watson, Individually, and as Father and Next Friend of John Watson

## DEFENDANTS

Partner Industrial Products

FILED

2004 AUG 16  P 3:47

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David A. Barry - BBO No. 031520
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114    (617) 227-3030

ATTORNEYS (IF KNOWN)

James E. Byrne
Finneran, Byrne & Drechsler, LLP
50 Redfield Street
Boston, MA 02122    (617) 265-3900

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

See Attached Sheet

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY    (See instructions):    None

JUDGE _____    DOCKET NUMBER _____

DATE
August 13, 2004

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## VI.    Cause of Action

Plaintiff Michael Watson alleges that he sustained a severed peroneal nerve in his left leg while

working with an electric cut off saw designed and manufactured by the defendant.  The

Complaint alleges that the saw was defective, resulting in plaintiff's injuries.  This Court has

diversity subject-matter jurisdiction under 28 U.S.C. § 32 because the amount in controversy

exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of

different states.

Doc. #353034

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)_____Michael Watson v._____
   Partner Industrial Products

FILED
IN OFFICE

?? '06-16  P 3: ? 7

U.S. DISTRICT COURT
DISTRICT OF MASS

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE
   CIVIL COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   X    III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?                                                               YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?   (SEE 28 USC 2403)                                 YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                        YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO
   TITLE 28 USC 2284?                                                   YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS
   (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).                       YES ☐   NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? -
   (SEE LOCAL RULE 40.1(D)).                                            YES ☐   NO ☐

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF
   THE DISTRICT?                                                        YES ☐   NO ☒
   (a)      IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?_____
                                                                 Eastern
9. IN WHICH SECTION DO ?? ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?_____

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL
    AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION:  YES ☐ NO ☐        OR WESTERN SECTION;  YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME_____David A. Barry_____
ADDRESS_Sugarman, Rogers, Barshak & Cohen, P.C., 101 Merrimac St., 9th Floor, Boston, MA 02114
TELEPHONE NO._____(617) 227-3030_____
(Categfrm.rev - 3/97)