UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL WATSON, INDIVIDUALLY,
AND AS FATHER AND NEXT FRIEND
OF JOHN WATSON,

                Plaintiff,

v.

ELECTROLUX PROFESSIONAL
OUTDOOR PRODUCTS, INC.

                Defendant.

CIVIL ACTION
NO: 04-11782DPW

## AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

1. The plaintiff, Michael Watson, is a resident of Dorchester, Suffolk County, Commonwealth of Massachusetts.

2. The plaintiff, John Watson, is a minor who brings this action by his father and next friend, Michael Watson, and is a resident of Dorchester, Suffolk County, Massachusetts and is the minor child of Michael Watson.

3. The defendant Electrolux Professional Outdoor Products, Inc. ("Electrolux") is an Ohio corporation with a principal place of business located at 18013 Cleveland Parkway, Suite 100, Cleveland, Ohio.

4. Jurisdiction over the defendant, pursuant to M.G.L. c. 223A, §3, arises from the defendant:

    (a) transacting business in the Commonwealth of Massachusetts;

    (b) contracting to supply services or things in the Commonwealth of Massachusetts;

    (c) causing tortious injury by an act or omission in the Commonwealth of Massachusetts;

    (d) causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business, and engaging in other persistent courses of conduct, and

        deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts; and/or

    (e)    being registered to do business in Massachusetts.

5. On or about December 5, 2001, the plaintiff, Michael Watson, while working as a laborer on the Central Artery Project also known as "the Big Dig," in Boston, Massachusetts, was caused to sustain severe and permanent personal injuries as a result of using a hand-held model K2300 EL electric cut-off saw (hereinafter "cut-off saw"). After cutting iron rods from a construction wall and while descending a ladder, the cut-off saw contacted Mr. Watson's left leg, severing his peroneal nerve which required emergency surgery.

6. The defendant, Electrolux, or it predecessor, designed, developed, tested, manufactured, assembled, marketed, packaged, distributed and/or sold the subject cut-off saw.

**COUNT I**
**(Negligence - Electrolux)**

7. The plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 6.

8. The defendant, Electrolux, failed to use reasonable care when it initiated and participated in the design, development, testing, manufacture, assembly, marketing, packaging, distribution and/or sale of the subject cut-off saw. The product was defective and unreasonably dangerous because, among other things, it was not equipped with adequate guards and/or a blade braking mechanism to protect users from injury and which the defendant knew, or should have known, were likely to cause injury to foreseeable users.

9. The defendant knew, or should have known, of the dangerous and defective nature and condition of the product and distributed it in a way that Electrolux foresaw, or should have foreseen, would probably result in the use of the product by a person such as Michael Watson, who would likely be ignorant of the dangerous nature of the product.

10. The defendant failed to disclose all of the relevant information regarding the risks associated with the use of the product and failed to adequately warn foreseeable users of all the dangers associated with use of the product.

11. As the direct and proximate result of the defendant's negligence and carelessness, Michael Watson was caused to suffer severe and permanent personal injuries.

    WHEREFORE, the plaintiff demands judgment against the defendant, Electrolux, in a full, fair and just amount, together with interest and costs, and for such other relief as may be appropriate.

## COUNT II
### (Breach of Warranties - Electrolux)

12. The plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 11.

13. The defendant, Electrolux, is a merchant with respect to goods of the kind which caused Michael Watson's injuries, and expressly and impliedly warranted that the product was merchantable, safe and fit for the particular purpose for which is was being used when it caused injury.

14. The defendant knew, or had reason to know, the particular purpose for which the product was required and that the plaintiff, Michael Watson, was relying on the defendant's skills and judgment to select and furnish suitable goods. The product, the component parts from which it was constructed, and the warnings and instructions that accompanied the product were defective, and, therefore, the product was not in merchantable, safe or fit as warranted by the defendant.

15. The defendant further breached the warranties of merchantability with respect to the plaintiff in that the cut-off saw was not a reasonably safe product because:

    a. The foreseeable risks exceeded the benefits associated with the product;

    b. The product is more dangerous than ordinary consumers would expect and more dangerous than other products marketed at the same time for the same purpose;

    c. The product did not have adequate, effective warnings and instructions in light of the dangers associated with its use;

    d. The product failed to have adequate guards and/or a blade braking mechanism; and

    e. The product failed to have an adequate activation interlock mechanism.

16. As the direct and proximate result of the defendant's breach of warranties, Mr. Watson was caused to suffer severe and permanent personal injuries.

    WHEREFORE, the plaintiff demands judgment against the defendant, Electrolux, in a full, fair and just amount, together with interest and costs, and for such other relief as may be appropriate.

## COUNT III
### (Loss of Consortium, Parental Affection and Society - Electrolux)

17. The plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 16.

18. As a direct and proximate cause of the defendant, Electrolux's, negligence and breach of warranty, the plaintiff, John Watson, has been deprived of the parental affection, care, comfort, society, counsel, services and earning capacity of his father, Michael Watson.

WHEREFORE, the plaintiff demands judgment against the defendant, Electrolux, in a full, fair and just amount, together with interest and costs, and for such other relief as may be appropriate.

### DEMAND FOR TRIAL BY JURY

The plaintiff hereby demands a trial by jury on all counts so triable asserted above.

Respectfully submitted,
THE PLAINTIFF,
By his attorneys,
FINNERAN, BYRNE & DRECHSLER, L.L.P.,

/s/ Jonathan E. Tobin
Thomas Drechsler, Esq.
B.B.O.#:  134840
James E. Byrne, Esq.
B.B.O.#:  068560
Jonathan E. Tobin, Esq.
B.B.O.# 641509
50 Redfield Street
Boston, MA  02122
(617) 265-3900

Date: