UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL WATSON, INDIVIDUALLY, AND AS FATHER AND NEXT FRIEND OF JOHN WATSON,<br>    Plaintiff<br><br>v.<br><br>PARTNER INDUSTRIAL PRODUCTS,<br>    Defendant | CIVIL ACTION NO. 04CV11782-DPW |

## AMENDED ANSWER OF THE DEFENDANT, ELECTROLUX PROFESSIONAL OUTDOOR PRODUCTS, INC.

Defendant, Electrolux Professional Outdoor Products, Inc. answers the Amended Complaint as follows:

1.	Electrolux is without knowledge or information sufficient to form a belief as to the truth of allegations of paragraph 1.

2.	Electrolux is without knowledge or information sufficient to form a belief as to the truth of allegations of paragraph 2.

3.	Admitted.

4.	Electrolux states that the allegations of paragraph 4 are jurisdictional in nature and do not require a response by the defendant.

5.	Electrolux is without knowledge or information sufficient to form a belief as to the truth of allegations of paragraph 5.

6. Electrolux admits that it participated in the design, development, testing, manufacturing, assembly, marketing, packaging, distribution and/or sale of a model K2300 EL electric cut-off saw. Except as expressly admitted, Electrolux denies the allegations of paragraph 6.

## COUNT I
### (Negligence – Electrolux)

7. Electrolux incorporates herein by reference its answers to the allegations contained in paragraph 1 through 6.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

## COUNT II
### (Breach of Warranties – Electrolux)

12. Electrolux incorporates herein by reference its answers to the allegations contained in paragraph 1 through 11.

13. The allegations of paragraph 13 constitute conclusions of law as to which no response is required.

14. Denied.

15. Denied.

16. Denied.

## COUNT III
### (Loss of Consortium, Parental Affection and Society-Electrolux)

355593

17. Electrolux incorporates herein by reference its answers to the allegations contained in paragraph 1 through 16.

18. Denied.

### FIRST AFFIRMATIVE DEFENSE

Electrolux states that the Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Electrolux states that if the saw was defective or dangerous, which Electrolux expressly denies, the plaintiff Michael Watson's injuries, if any, were proximately caused by his unreasonable use of the saw despite his knowledge and awareness of such defect or danger.

### THIRD AFFIRMATIVE DEFENSE

If the plaintiff Michael Watson was injured as alleged, such injury is the result of the acts or omissions of a third party for whose conduct Electrolux is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff Michael Watson's alleged damages, if any, were caused in whole or in part by his own negligence, such that any recovery should be reduced or barred.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff Michael Watson cannot recover for breach of warranty by reason of his failure to give timely notice of the alleged breach, which failure prejudiced Electrolux.

355593

355593

          ELECTROLUX PROFESSIONAL OUTDOOR
          PRODUCTS, INC.
          By its attorneys,


          /s/   David A. Barry
          David A. Barry, BBO No. 031520
          SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
          101 Merrimac Street, 9th Floor
          Boston, MA 02114
          (617) 227-3030

Dated:  October 25, 2004

355593