UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL WATSON, INDIVIDUALLY, AND AS FATHER AND NEXT FRIEND OF JOHN WATSON,<br><br>                     Plaintiff,<br><br>v.<br><br>ELECTROLUX PROFESSIONAL OUTDOOR PRODUCTS, INC.<br><br>                     Defendant. | CIVIL ACTION<br>NO: 04-11782DPW |

**PLAINTIFF'S MOTION TO COMPEL AND**
**MEMORANDUM IN SUPPORT OF HIS MOTION**

      The Plaintiff hereby moves this Court to issue an order compelling AIG Claims Services ("AIG") to comply with a properly served subpoena duces tecum. In support of his motion, the Plaintiff states that AIG has failed to properly object to the subpoena such that any privilege is waived, that the documents sought do not fall within any recognized privilege and that the Plaintiff's need for the requested documents outweighs any interest that AIG may have in not disclosing the documents.

**FACTS**

1.     This is a product liability case in which the Plaintiff alleges that the Defendant, Electrolux Professional Outdoor Corporation, designed, manufactured and sold a defective electric chop-saw which caused severe personal injury to Michael Watson resulting in the severing of his peroneal nerve in his lower left leg. The accident occurred on December 5, 2001, while Mr. Watson, a construction laborer, was using an electric chop-saw to cut rebar in an access tunnel on the Central Artery Tunnel project in Boston.

2. The Complaint was originally filed in Massachusetts Superior Court, Suffolk County, and was served on the Defendant on or about July 27, 2004. It was then removed to this Court on August 13, 2004.

3. As the workers compensation insurer for Modern Continental, the Plaintiff's employer, AIG investigated the December 5, 2001, accident. Among other things, AIG's agent, Dave Hendrickson along with Modern Continental's safety office, John Balboni, took photographs of the accident scene and the subject chop-saw.

4. Dave Hendrickson subsequently showed the Plaintiff, Michael Watson, the photographs which allowed Mr. Watson to learn the name of the manufacturer and the model number of the subject chop-saw.

5. On October 1, 2004, after the Plaintiff had made several oral and written requests for the photographs and other investigation materials, AIG was served with a subpoena duces tecum. (See Subpoena attached as **Exhibit A**). The Schedule A attached to the subpoena clearly sets out the items sought. It identifies the employee by name, date of birth and social security number. It identifies the date and specific location where the accident occurred by its contract number and provides the identity of the AIG agents who conducted the investigation. Finally, the schedule clearly spells out what documents are sought including, "...color photographs of the electric chop saw involved in the accident..." and "...statements taken regarding the accident." Plaintiff offered to pay the cost of locating and reproducing responsive documents.

6. In a letter dated October 6, 2004, AIG responded to the subpoena by producing a copy of the workers compensation file but indicated that, "...internal work product and documents

       to/from the employer and defense counsel have been withheld as these are considered privileged." (See October 6, 2004 letter from Pamela Farley attached as **Exhibit B**). The documents produced consisted solely of Massachusetts Department of Industrial Accident filings and medical records.

7. On October 14, 2004, Counsel for the Plaintiff wrote to AIG explaining that the documents requested, particularly photographs of the chop-saw and statements regarding the accident, were not privileged and should be produced. (See Letter dated October 14, 2004 from Jonathan Tobin attached as **Exhibit C**). The letter also requested that AIG contact Plaintiff's counsel to further discuss the matter or, in the alternative, that AIG produce a privilege log so that the claim of privilege could be evaluated.

8. AIG has not responded to Plaintiff's October 14, 2004, letter.

9. Plaintiff also served AIG's insured, Modern Continental, with a subpoena duces tecum requesting materials from the investigation of the accident. A representative of Modern Continental contacted counsel for the Plaintiff and explained that all investigation materials were regularly sent to AIG as part of normal business practice.

## ARGUMENT

A party properly served with a subpoena duces tecum must produce the requested documents unless the party served with the subpoena asserts that one of the conditions enumerated in Fed. R. Civ. P. 45(c) is applicable. In this case, AIG asserts only that the documents it has failed to produce are privileged. However, "When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature

of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim." Fed. R. Civ. P. 45(d)(2). The language in Rule 45 makes providing a description of the withheld documents mandatory and failure to do so constitutes a waiver of the privilege. *In re Grand Jury Subpoena*, 274 F.3d 563, 576 (1st Cir. 2001).

The Plaintiff requested that AIG produce a privilege log on October 14, 2004. (**Exhibit C**), but no privilege log or description of the withheld documents has been provided. AIG's sole basis for withholding the files is its broad assertion in that "...internal work product and documents to/from the employer and defense counsel have been withheld as these documents are considered privileged" . (**Exhibit B**). The single sentence at the end of AIG's October 6, 2004, letter is insufficient to satisfy the requirements of Rule 45, particularly as to any witness statements and photographs.

It is well-established that an entity asserting a privilege has the burden of establishing that the documents claimed to be protected fall within the scope of the privilege asserted. At the very least, this requires a party asserting the privilege to submit a privilege log which sets forth a description of the documents and the basis for the specific privilege claimed. *Amica Mutual Insurance Co. v. W.C. Bradley Co.*, 217 F.R.D. 79, 82 (D. Mass. 2003). Investigation files created by insurance companies have regularly been held not to be protected. *Amica*, 217 F.R.D. 79 at 83 ; *Pasteris v. Robillard*, 121 F.R.D. 18, 21 (D. Mass. 1988); *Sham v. Hyannis Heritage House Hotel, Inc.*, 118 F.R.D. 24, 27 (D. Mass. 1987). Documents prepared in the ordinary course of business or which would have been created in essentially similar form irrespective of the prospect of litigation are not privileged. *In re Grand Jury Subpoena*, 220 F.R.D. 130, 146 (D. Mass. 2004).

In this case, AIG cannot support its claim of privilege and prevent the Plaintiff from obtaining the documents sought. Modern Continental, AIG's insured and a non-party to this litigation, is insulated from liability for the Plaintiff's injuries by the Massachusetts Workers compensation statute. M.G.L. c. 152, s. 23. Thus, the prospect of adverse litigation against AIG or its insured is non-existent. The Plaintiff also attempted to obtain records from Modern Continental via a subpoena but was informed by a Modern Continental employee that as part of regular business practice, all investigation materials are provided to AIG. The accident investigation in this instance followed Modern Continental and AIG regular business practices and was not conducted for the purpose of trial preparation. AIG, also a non-party to this litigation, has the difficult burden of setting forth information that establishes that the documents generated by the investigation into the December 5, 2001 accident, were created "because of the prospect of future litigation" and not merely as a part of AIG's regular business practice of investigating injury claims. *State of Maine v. U.S. Department of the Interior*, 298 F.3d 60, 68 (1 Cir. 2002).

Even in the unlikely event that AIG is able to support its claims of privilege as to the investigation material, there is an exception to the work product doctrine that permits a party, upon a showing that the information cannot be obtained from another source, to obtain privileged documents. Fed. R. Civ. P. 26(b)(3). The court has particularly recognized that investigation material which does not contain mental impressions and opinion of counsel are afforded less protection under the work product doctrine. *In re Grand Jury Subpoena*, 220 F.R.D. at 144-145. The photographs and any statements of witnesses contained in AIG's investigation file fall within this exception. The Plaintiff has sought the photographs through

Modern Continental but has been informed that all investigation material was provided to AIG. There is a strong need in this case for evidence regarding the condition of the subject chop-saw following the accident and the photographs of the saw cannot be obtained from any other source. Consequently, AIG should be made to produce the requested documents.

If in fact AIG could make a prima facie showing that the investigation material was created in anticipation of litigation with Mr. Watson, the privilege has been waived as to the photographs because Mr. Hendrickson, AIG investigator, showed the photos to the Plaintiff. It was through Mr. Hendrickson's sharing information from the investigation file with Mr. Watson that the make and model of the chop-saw were revealed. Disclosure of privileged material to an adversary constitutes waiver of the privilege. *United States v. Massachusetts Institute of Technology,* 129 F.3d 681, 687 (1 Cir. 1997).

## CONCLUSION

AIG has failed to comply with the requirements of Rule 45 after being properly served with a subpoena and despite Plaintiff's written request for a privilege log. Furthermore, AIG cannot support its claim of privilege. For all of these reasons, the Plaintiff moves that this Court grant his Motion and order AIG to produce the photographs, witness statements and any other documents contained in its investigation file that are responsive to the document requests served with the October 1, 2004, Subpoena.

## LR 7.1 CERTIFICATION

Counsel for the Plaintiff certifies that he has attempted to contact a representative on several occasions to attempt in good faith to resolve or narrow the issues presented in this motion but have been unable to get a response.

Respectfully submitted,

        THE PLAINTIFF,
        By his attorneys,
        FINNERAN, BYRNE & DRECHSLER, L.L.P.,

        /s/ Jonathan E. Tobin
        Thomas Drechsler, Esq.
        B.B.O.#: 134840
        James E. Byrne, Esq.
        B.B.O.#: 068560
        Jonathan E. Tobin, Esq.
        B.B.O.# 641509
        50 Redfield Street
        Boston, MA 02122
        (617) 265-3900

## **CERTIFICATE OF SERVICE**

      I, Jonathan E. Tobin, certify that an exact copy of the foregoing document was served electronically to all parties on the following parties via pre-paid first class mail on November 18, 2004:

| | |
|---|---|
| Pamela Farley | Mark H. Likoff, Esq. |
| WC Specialist III | Mullen & McGourty |
| AIG Claims Services, Inc. | 52 Temple Place, 4th Flr. |
| P.O. Box 52260 | Boston, MA 02111 |
| Boston, MA 02205 | |