# Finneran, Byrne & Drechsler, L.L.P.

Attorneys at Law

Eastern Harbor Office Park
50 Redfield Street
Boston, Massachusetts 02122

Telephone (617) 265-3900
Telefax (617) 265-3627

James E. Byrne
Thomas Drechsler

Of Counsel
Thomas M. Finneran

Kenneth H. Anderson
Richard P. Mazzocca
Eric S. Goldman
Samuel P. McDermott
Jonathan E. Tobin

October 14, 2004

Pamela Farley
WC Specialist III
AIG Claims Services, Inc.
P.O. Box 52260
Boston, MA 02205

RE: Watson v. Electrolux Professional Outdoor Products Inc.
U.S. District Court for the District of Mass. Docket No.: 04-11782-DPW

Dear Ms. Farley:

I am writing with regard to your letter dated October 6, 2004 in which AIG responded to the federal subpoena served upon it in connection with the above referenced case. The subpoena requested that AIG produce documents generated as a result of its investigation of the December 5, 2001 accident in which Michael Watson sustained severe injuries as a result of a defective electric chop saw. In AIG's response, it produced a copy of the workers compensation file but indicated that, "...internal work product and documents to/from the employer and defense counsel have been withheld as these are considered privileged." The documents produced consisted of Department of Industrial Accident filings and medical records.

It should be noted from the outset that neither AIG nor Modern Continental are parties to the above referenced suit and despite the fact that our interests are aligned with respect to the third-party suit, AIG has refused to produce the materials and photographs which were generated as a result of its investigation of this accident by AIG's employee, Dave Hendrickson, and Modern Continental's safety officer, John Balboni. The existence of the investigation file, particularly photographs of the subject electric chop saw, were confirmed when Mr. Hendrickson showed them to Mr. Watson and provided him with the make and model of the subject saw. It was from the photographs that Mr. Watson was able to determine the make and model of the subject saw. This office has attempted to obtain the investigation file and photographs through your insured, Modern Continental. However, a representative from Modern Continental informed us that they do not have any of the requested material and that all investigative materials are routinely forwarded to AIG after an injury is reported.

On September 30, 2004, AIG was properly served with a federal subpoena. The Schedule A attached to the subpoena clearly sets out the items sought. It identifies the employee by name,

**EXHIBIT C**

date of birth and social security number. It identifies the date and specific location where the accident occurred by its contract number and provides the identity of the AIG agents who conducted the investigation. Finally, the schedule clearly spells out what documents are sought including, "...color photographs of the electric chop saw involved in the accident..." and "...statements taken regarding the accident." Thus, the document request describes with reasonable particularity the information which is to be produced and AIG cannot suggest otherwise.

A party properly served with a federal subpoena must produce the requested documents unless one of the conditions enumerated Fed. R. Civ. P. 45(c) is applicable. In this case, none of the conditions are applicable. For example, no undue burden is created as the files are located in Boston and the schedule A states that the plaintiff will pay the reasonable cost of duplicating the requested documents. AIG's sole basis for withholding the files is its assertion that the requested documents are privileged. However, an assertion of privilege by an entity seeking protection under Rule 45(c)(3)(A)(iii) "..shall be supported by a description of the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest the claim." Fed. R. Civ. P. 45(d)(2). The single sentence at the end of AIG's October 6, 2004, letter is insufficient to satisfy this requirement.

It is well-established that the party asserting a privilege has the burden of establishing that the documents claimed to be protected fall within the scope of the privilege asserted. At the very least, this requires a party asserting the privilege to submit a privilege log which sets forth a description of the documents and the basis for the specific privilege claimed. *Amica Mutual Insurance Co. v. W.C. Bradley Co.*, 217 F.R.D. 79, 82 (D. Mass. 2003). Investigation files created by insurance companies have regularly been held not to be protected. *Amica*, 217 F.R.D. 79 at 83; *Pasteris v. Robillard*, 121 F.R.D. 18, 21 (D. Mass. 1988); *Sham v. Hyannis Heritage House Hotel, Inc.*, 118 F.R.D. 24, 27 (D. Mass. 1987). Documents prepared in the ordinary course of business or which would have been created in essentially similar form irrespective of the prospect of litigation are not privileged. *In re Grand Jury Subpoena*, 220 F.R.D. 130, 146 (D. Mass. 2004).

In this case, it is doubtful that AIG will be able to support its claim of privilege and prevent the plaintiff from obtaining the documents sought. As pointed out above, insurance investigation files are generally not viewed by the Massachusetts Federal District Court as documents prepared in anticipation of litigation. AIG, a non-party to this litigation, has the difficult burden of setting forth information that establishes that the documents generated by the investigation into the December 5, 2001 accident, were created "because of the prospect of future litigation" and not merely as a part of AIG's regular business practice of investigating injury claims. *State of Maine v. U.S. Department of the Interior*, 298 F.3d 60, 68 (1 Cir. 2002).

Even in the unlikely event that the court agrees with AIG's position, there is an exception to the work product doctrine that permits a party, upon a showing that the information cannot be obtained from another source, to obtain privileged documents. Fed. R. Civ. P. 26(b)(3). In fact, the court has particularly recognized that investigation material which does not contain mental

Pamela Farley
October 14, 2004
Page 3

impressions and opinion of counsel is afforded less protection under the work product doctrine. *In re Grand Jury Subpoena*, 220 F.R.D. at 144-145. The photographs of the saw and any statements of witnesses certainly fall within this exception. It is further likely that the court will find that AIG waived any privilege, particularly with respect to the photographs of the electric saw, when Mr. Hendrickson showed the contents of the investigation file to Mr. Watson. *United States v. Massachusetts Institute of Technology*, 129 F.3d 681, 687 (1 Cir. 1997).

I strongly urge AIG to reconsider its position. The plaintiff has a substantial need for the information contained in the investigation file, particularly the photographs of the saw. Our interests are similar with respect to the third-party litigation and there is no risk that AIG or its insured Modern Continental will be exposed to a judgment.

If AIG is not willing to produce the requested documents, please consider this a request for a privilege log so that we may begin the process of asking the court for its assistance in resolving this matter. If you have any questions, please contact me.

Very truly yours,

Jonathan E. Tobin

JET:bc