UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

C.A. No.: 04-11782DPW

```
*********************************************
MICHAEL WATSON, INDIVIDUALLY,          *
AND AS FATHER AND NEXT FRIEND OF       *
JOHN WATSON,                           *
            Plaintiff,                 *
                                       *
                                       *
v.                                     *
                                       *
                                       *
ELECTROLUX PROFESSIONAL OUTDOOR        *
PRODUCTS,                              *
            Defendants                 *
*********************************************
```

## RESPONSE AND PARTIAL OPPOSITION OF AIG CLAIMS SERVICES TO PLAINTIFF'S MOTION TO COMPEL

Now comes AIG Claims Services, upon receipt of Plaintiff's Motion to Compel,

and hereby provides a Response to that Motion along with an Opposition in part to same.

As reasons therefor, AIG Claims Services states the following:

1.      National Union Fire Insurance is the workers' compensation insurer in

regard to a case entitled <u>Michael Watson v. Modern Continental Construction</u>, which is a

matter that has been in litigation with the Commonwealth of Massachusetts' Department

of Industrial Accidents (Docket No.: 046760-01).

2.      Modern Continental is the direct employer of Michael Watson, as it relates

to an industrial injury of December 5, 2001, and National Union Fire Insurance is the

workers' compensation carrier for that employer for this injury, with the claim actually

being handled by AIG Claims Services, a claims servicing arm of AIG, of which National

Union Fire Insurance is a part.

1

3.    Mr. Watson is the claimant in the workers' compensation case, and the Plaintiff in this matter, as against Electrolux Professional Outdoor Products, Inc., the Defendant in the above-captioned matter.

4.    Modern Continental, as the direct employer of Mr. Watson, is not a party to this suit, as the Plaintiff appears to be alleging that the Defendant designed, manufactured, and sold a defective electric chop saw which injured the Plaintiff.

5.    The Plaintiff issued a subpoena duces tecum to AIG Claims Services, seeking a number of items.  The subpoena, while focusing on certain particular items, did state it was seeking the entire accident investigation file.

6.    In response to that request, the adjuster from AIG Claims Services provided a copy of their compensation file, withholding documents that were considered privileged.

7.    The counsel for the Plaintiff asserts that this response was inadequate, and provides a Motion to Compel to this Honorable Court, seeking the items enumerated in their Schedule "A".

8.    By way of further response, and in order to be cooperative in the discovery process, AIG Claims Services provides, at this time, the specific breakdown of all documents, provided or withheld, in the attached privilege log.

9.    It further provides additional documents, offered at this time, in cooperation with the request of the Plaintiff to the fullest extent possible.

10.    AIG Claims Services would request an *in-camera* inspection of those items claimed to be privileged, so as to properly protect the disputed documents, if the further records provided are still alleged to be an inadequate response to the subpoena.

2

11.    To that end, AIG Claims Services notes that while "a privilege log may serve a useful purpose when dealing with the issue of whether a document is privileged in the first instance...it is far less useful when the issue is one of waiver." VLT, Inc. v. Atresyn Tech, Inc., 198 F. Supp. 2d. 56, 59 (D. Mass. 2002).

WHEREFORE, the servicing arm of the workers' compensation carrier, AIG Claims Services, not a party to this suit, hereby provides further documents in response to the subpoena of the Plaintiff in the above-captioned matter, while maintaining its specific objections to release of only a small part of the documents being sought, as being privileged.

Dated: December  /, 2004

Respectfully submitted,
AIG Claims Services, Inc.
By its attorney,

Mark H. Likoff
Mullen & McGourty
52 Temple Place
4th Floor
Boston, MA 02111
(617) 338-9200
BBO# 549476

3

## CERTIFICATE OF SERVICE

I, Mark H. Likoff, Esq., Attorney for AIG Claims Services, Inc., hereby certify that on December 3, 2004, the within document was served upon the following parties via first class mail, postage pre-paid, directed to:


Jonathan E. Tobin, Esq.
James E. Byrne, Esq.
Finneran, Byrne & Drechsler, LLP
50 Redfield Street
Dorchester, Massachusetts  02124



Signed under the pains and penalties of perjury this 3rd day of December, 2004.


_____
Mark H. Likoff, Esq.