UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL WATSON, INDIVIDUALLY, AND AS FATHER AND NEXT FRIEND OF JOHN WATSON,<br><br>       Plaintiff,<br><br>v.<br><br>ELECTROLUX PROFESSIONAL OUTDOOR PRODUCTS, INC.<br><br>       Defendant. | CIVIL ACTION<br>NO: 04-11782DPW |

## SECOND JOINT MOTION TO MODIFY SCHEDULING ORDER

  The parties hereby move this Court to extend the time needed to make expert disclosures by an additional sixty days. In support of their motion, the parties state as follows:

1. This is a complex product liability case in which the Plaintiff, Michael Watson, alleges that he sustained serious personal injuries as a result of a defectively designed electric cut-off saw manufactured and sold by the Defendant, Electrolux Professional Outdoor Products a/k/a Partner Outdoor Products.

2. On May 11, 2005, this Court issued an order requiring that the Plaintiff provide his expert disclosures by July 30, 2005, and that the Defendant provide expert disclosures by August 30, 2005. The order provided that depositions may take place up until October 30, 2005.

3. The parties have exchanged discovery and the Defendant is working on producing supplemental documents requested by the Plaintiff.

4. The Plaintiff will be on a school sponsored oceanographic expedition from July 1 through July 22, 2005, and will be unavailable to testify at a deposition until after July 22, 2005. In order to achieve sufficient credits for his major course of study and to graduate in the year 2006, attendance by the Plaintiff at said expedition is mandatory.

5. The individual designated by the Defendant to testify at the Rule 30(b)(6) deposition of Partner Outdoor Proucts, Lennart Gustafsson, is presently in Sweden (the home country for Partner Outdoor Products) and will not return to the United States until July 22, 2005.

6. On June 22, Plaintiff learned that his primary liability expert has recently been scheduled to undergo two medical procedures to eliminate large Kidney Stones. Plaintiff's expert will not fully recover and be back to work for several weeks after the procedures which are expected to take place in August of 2005.

7. The parties have agreed to scheduled the Rule 30(b)(6) Deposition of the Defendant for August 1, 2005, and the Deposition of the Plaintiff for August 2, 2005. The week of August 2, 2005, is the first week after both the Plaintiff and Mr. Gustafsson return. From their respective travels.

8. Under the current scheduling order, Plaintiff is required to submit his expert disclosures on July 30, 2005. This will not permit Plaintiff's expert to incorporate facts revealed through testimony or document production at the Defendant's August 2, 2005, Rule 30(b)(6) deposition into his expert report.

9. Plaintiff anticipates that he will need an additional sixty days to allow his experts to review the information revealed at the Rule 30(b)(6) deposition and to recover from the medical procedures scheduled in August.

10. This is the second request for an extension made by the parties in this case and the parties are cooperating to resolve any outstanding discovery issues.

Wherefore, the parties request that this Court modify its May 11, 2005 order to permit the Plaintiff to make his expert disclosures on or before September 30, 2005, the Defendant to make its expert disclosures on or before October 30, 2005, and depositions to take place until December 30, 2005.

| The Plaintiff<br>By his Attorneys | The Defendant<br>By Its Attorneys |
|---|---|
| /s/ Jonathan E. Tobin<br>Thomas Drechsler<br>B.B.O.#: 134840<br>James E. Byrne<br>B.B.O.#: 068560<br>Jonathan E. Tobin<br>B.B.O.#: 641509<br>FINNERAN, BYRNE &<br>DRECHSLER, LLP<br>50 Redfield St.<br>Boston, MA 02122<br>617-265-3900 | /s/ David A. Barry<br>David A. Barry<br>B.B.O.#: 031520<br>SUGARMAN, ROGERS, BARSHAK<br>& COHEN, P.C.<br>101 Merrimac Street, 9th Floor<br>Boston, MA 02114<br>617-227-3030 |