UNITED STATES DISTRCT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL WATSON, INDIVIDUALLY, AND AS FATHER AND NEXT FRIEND OF JOHN WATSON, PPA<br>　　Plaintiff<br><br>v.<br><br>ELECTROLUX PROFESSIONAL OUTDOOR PRODUCTS, INC.<br>　　Defendant | CIVIL ACTION NO. 04-11782 DPW |

**JOINT STATUS REPORT**

Pursuant to the Court's Scheduling Orders of September 28, 2004, and February 24, 2006, the parties hereby report as follows:

**I.     Background**

This is a product liability case in which the plaintiff, Michael Watson, claims that he was injured while using a power cutter designed and manufactured by Partner Industrial Products, a division of the defendant Electrolux Outdoor Products Inc. ("Electrolux"). At the time of the accident, the plaintiff was using the power cutter to cut a steel rod in an access tunnel on the Central Artery ("Big Dig") Project in Boston during the course of his employment as a construction laborer for Modern Continental. The plaintiff alleges that the power cutter is defective because it lacked an electronic brake, and that this alleged defect contributed to his injury.

Electrolux denies that the power cutter was unreasonably dangerous or defective in any way and also denies that any defect in the power cutter caused or contributed to the plaintiff's injury. In addition, the defendant has asserted certain affirmative defenses, including the plaintiff's comparative negligence and the so-called *Correia* defense of unreasonable use of the product.

II.  **Status Report and Scheduling Suggestions**

1. Fact discovery, including fact depositions, has been completed. The parties have served expert disclosures pursuant to Fed.R.Civ.P. 26(a)(2), and the deposition of the plaintiff's expert mechanical engineer, Leslie Wilder, will have been taken by the time of the status conference. No further depositions have been scheduled.

2. The plaintiff has made an offer of settlement and the defendant will respond before the status conference.

3. At this time, there are no motions pending but the defendant may file a motion *in limine* prior to trial with respect to the admissibility of the plaintiff's expert's testimony.

4. The parties suggest that a final pre-trial conference be held later this spring and that the case be set for trial in October, 2006, if convenient to the Court.

| | |
|---|---|
| The Plaintiff,<br>By his Attorneys, | The Defendant,<br>By its Attorneys, |
| /s/ Jonathan E. Tobin<br>Thomas Dreshsler<br>B.B.O. #134840<br>James E. Byrne<br>B.B.O. #068560<br>Jonathan E. Tobin<br>B.B.O.#641509<br>FINNERAN, BYRNE &<br>DRECHSLER, LLP<br>50 Redfield Street<br>Boston, MA 02122<br>617-265-3900 | /s/ David A. Barry<br>David A. Barry<br>B.B.O. #031520<br>SUGARMAN, ROGERS, BARSHAK<br>& COHEN, P.C.<br>101 Merrimac Street<br>Boston, MA 02114<br>617-227-3030 |

Dated: March 23, 2006

2

3

CERTIFICATE OF SERVICE

    I, David A. Barry, attorney for the defendant, Electrolux Professional Outdoor Products, Inc., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on March 23, 2006.

          /s/ David A. Barry

Doc. #375157