UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL WATSON, INDIVIDUALLY, AND AS FATHER AND NEXT FRIEND OF JOHN WATSON, PPA<br>    Plaintiff<br><br>v.<br><br>ELECTROLUX PROFESSIONAL OUTDOOR PRODUCTS, INC.<br>    Defendant | CIVIL ACTION NO. 04-11782 DPW |

## DEFENDANT'S MOTION TO PRECLUDE EXPERT TESTIMONY AND FOR SUMMARY JUDGMENT

In this product liability action arising out of an accident sustained by the plaintiff, Michael Watson ("Watson"), while using a power cutter allegedly designed and manufactured by Partner Industrial Products, a division of the defendant, Electrolux Professional Outdoor Products, Inc. ("Electrolux"), Electrolux hereby moves to preclude the testimony of the plaintiff's sole expert witness, Leslie N. Wilder. As set forth in greater detail in the memorandum filed herewith, (1) Watson has failed to demonstrate that Mr. Wilder is qualified to render his opinions as to the design of the power cutter; and (2) Mr. Wilder's opinion that the power cutter is unreasonably dangerous is unreliable because it is not supported by sound reasoning or sufficient facts. In short, Mr. Wilder's opinions are "sheer *ipse dixit*." *See Cipollone v. Yale Indus. Products, Inc.*, 202 F.2d 376, 380 (1st Cir. 2000) (quoting this Court's ruling excluding proposed expert).

Electrolux also hereby moves for summary judgment because expert testimony that the power cutter was defective, either in design or failure to warn, is essential to

Watson's case. Moreover, Watson bears the burden of proving a causal connection between an alleged defect in the power cutter and his accident and resulting injuries.

In this case, Watson has alleged two separate and distinct design defects in the power cutter, which correspond to two alternative scenarios as to how his accident occurred. Since Watson does not know how his accident occurred (i.e., whether in a manner that would have been prevented by the first, or the second, of his two alleged defects) he must prove, through qualified and reliable expert testimony, that the power cutter was defective in *both* respects in order to establish the necessary causal connection between a defect in the product and his accident. Where the exact cause of injury is unknown, the plaintiff must show that "there was a greater likelihood or probability that the harm complained of was due to causes for which the defendant was responsible than from any other cause." *Carey v. General Motors, Corp.,* 377 Mass. 736, 740, 387 N.E.2d 583 (1979). *See also, Forlano v. Hughes*, 393 Mass. 502, 507-508, 471 N.E.2d 1315 (1984). Because Watson will be unable to present admissible expert evidence of *both* alleged defects, his claims must fail as a matter of law and summary judgment pursuant to Fed. R. Civ. P. 56 must be granted in favor of Electrolux.

In support of its motion, Electrolux submits the following exhibits, which are attached to this motion and incorporated by reference:

Exhibit A – Excerpts from the Deposition of Michael Watson

Exhibit B – Excerpts from the Partner K2300 Illustrated Parts List

Exhibit C – Photograph of Michael Watson

Exhibit D – Report and Curriculum Vitae of Leslie N. Wilder, P.E.

Exhibit E – Affidavit of Lennart Gustafsson

Exhibit F – Excerpts from the Deposition of Leslie N. Wilder, P.E.

Exhibit G – Excerpt from the Partner's Owners Manual

Exhibit H – Excerpt from the Partner Safety Manual

Exhibit I – Plaintiff, Michael Watson's, Answers to Defendant's Interrogatories

Exhibit J – Photograph of Power Cutter

Exhibit K – Internet Profile for Leslie N. Wilder, P.E.

Exhibit L – Letter dated March 24, 2006 from Leslie N. Wilder, P.E.

Exhibit M – Affidavit of Ove Donnerdal

WHEREFORE, the defendant respectfully requests that the Court:

1. Preclude Mr. Wilder from testifying at trial;

2. Grant summary judgment dismissing the complaint in its entirety.

ELECTROLUX PROFESSIONAL OUTDOOR
PRODUCTS, INC.,
By its Attorneys,


/s/ David A. Barry
David A. Barry, BBO No. 031520
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114-4737
(617) 227-3030
barry@srbc.com

/s/ Suleyken D. Walker
Suleyken D. Walker, BBO No. 654933
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114-4737
(617) 227-3030
walker@srbc.com

DATED: May 19, 2006

CERTIFICATE OF SERVICE

    I, David A. Barry, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 19, 2006.

    */s/ David A. Barry*
    David A. Barry
    barry@srbc.com

377533