# EXHIBIT H

Case 1:04-cv-11782-DPW    Document 22-5    Filed 05/19/2006    Page 2 of 18

NOTES

9



LEFT SIDE

## ELECTRIC SAW COMPONENTS

**NOTE:** Different models have different parts and controls. See your Operator's Manual for details.

1. **Cutter Wheel.** Available in two major types: abrasive wheels, diamond blades. (NOTE: Do not use carbide-tipped blades on electric saws.)
2. **Drive Flange.** Transmits torque from drive shaft to cutter wheel.
3. **Gear Box.** Transmits power from electrical motor to cutter wheel.
4. **Cover.** Covers carbon brushes.
5. **Switch.** Turns power on and off.
6. **Power Cord.** Connects saw to power source.
7. **Rear Handle.** Support handle for right hand.
8. **Guard.** Provides protection against sparks and particles.
9. **Front Handle.** Handle bar for left hand.

8

# EXHIBIT I

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL WATSON, INDIVIDUALLY, AND AS FATHER AND NEXT FRIEND OF JOHN WATSON,<br><br>Plaintiffs,<br><br>v.<br><br>PARTNER INDUSTRIAL PRODUCTS,<br><br>Defendant. | CIVIL ACTION<br>NO: 04-11782 DPW |

**PLAINTIFF, MICHAEL WATSON'S, ANSWERS TO DEFENDANT'S INTERROGATORIES**

The Plaintiff, Michael Watson, hereby submits the following answers to Interrogatories propounded by the Defendant, Partner Industrial Products a/k/a Electrolux Professional Outdoor Products, Inc.

**INTERROGATORY NO. 1:**

Please identify yourself (see definition 3)).

**ANSWER NO. 1:**

My name is Michael L. Watson, Jr. I reside at 51 Manor Street, Dorchester, MA, and my date of birth is August 15, 1970. Presently I am a full-time student at the University of Massachusetts at Boston.

**INTERROGATORY NO. 2:**

Please identify and describe fully the electric cut-off saw (hereinafter, "the product") allegedly involved in the incident on which your claims are based, including in your answer (by way of illustration, but not by way of limitation) the manufacturer, trade name, brand name, model name, model number, serial number, color and dimensions of the product.

**ANSWER NO. 2:**

The saw involved in my accident was a Partner K2300-EL, 12 inch cut-off saw. It was mostly yellow with a black handle and blade guard.

**INTERROGATORY NO. 3:**

Please state the name, time and precise location of the incident for which you claim relief in this action, and provide a detailed description of each event surrounding the incident, beginning one hour prior to the incident and ending one hour after the incident, and describe exactly what you were doing and the position(s) of your body and the product during this period and at the time the incident occurred.

**ANSWER NO. 3:**

The accident occurred on December 5, 2001 at approximately 2:00 p.m. I was working in the vent tunnels underneath the north bound section of Route 93 at the Atlantic Avenue vent shaft. For an hour prior to the accident, I had been cutting off rebar sections that had been used to anchor the forms for the last concrete pour of the north bound section. As I had done several times in the past, I was using the Partner cut-off saw to do the job. The saw was in working order and had not been altered.

To cut the rebar, I climbed a ladder and made the cut by holding the saw with both hands. After completing the cut, I shut the saw off and began to descend the ladder with the saw in my left hand. As I climbed down the ladder rungs, the blade suddenly cut deeply into my left leg.

Once I realized that I had been injured, I hopped on one foot down the hallway and through the bottom of the vent shaft. I then pulled myself up two ladders to the traffic tunnel level. I was then transported to the surface level by workers where an ambulance came and took me to Boston Medical Center.

**INTERROGATORY NO. 4:**

If you contend that the incident resulted from a defect in the design of the product, please state the basis for this contention (see definition (8)).

**ANSWER NO. 4:**

Objection. The Plaintiff objects to this Interrogatory on the grounds that it calls for expert opinion beyond the knowledge of a lay person such as the Plaintiff. The Plaintiff further objects to this Interrogatory on the grounds that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the Plaintiff concerning the litigation. Subject to and without waiving these objections, the Plaintiff states that

the saw blade should not have been rotating after he completed the cut, released the trigger and descended down the ladder. The design of the saw was dangerous and defective in that it was not equipped with an adequate braking mechanism to stop the rotating blade, it was not equipped with a mechanism that would effectively protect against inadvertent activation and it lacked adequate warnings to inform the Plaintiff of the particular risks associated with use of the saw. Plaintiff reserves the right to supplement this answer should it become appropriate.

**INTERROGATORY NO. 5:**

If you contend that the incident at issue in this case resulted from a defect in the manufacture of the product, please state the basis for this contention (see definition (8)).

**ANSWER NO. 5:**

Objection. The Plaintiff objects to this Interrogatory on the grounds that it calls for expert opinion beyond the knowledge of a lay person such as the Plaintiff. The further Plaintiff objects to this Interrogatory on the grounds that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the Plaintiff concerning the litigation. Subject to and without waiving these objections, the Plaintiff states that the saw blade should not have been rotating after he completed the cut, released the trigger and descended down the ladder. The saw was dangerous and defective in that, when it was manufactured, it was not equipped with an adequate braking mechanism to stop the rotating blade, it was not equipped with a mechanism that would effectively protect against inadvertent activation and it lacked adequate warnings to inform the Plaintiff of the particular risks associated with use of the saw.

**INTERROGATORY NO. 6:**

If you contend that the incident resulted from a defect in the warnings provided with the product, please state the basis for this contention (see definition (8)).

**ANSWER NO. 6:**

Objection. The Plaintiff objects to this Interrogatory on the grounds that it calls for expert opinion beyond the knowledge of a lay person such as the Plaintiff. The Plaintiff further objects to this Interrogatory on the grounds that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the Plaintiff concerning the litigation. Subject to and without waiving this objections, the Plaintiff states that the saw blade should not have been rotating after the Plaintiff completed the cut, released the trigger and descended the ladder. The saw lacked adequate warnings to inform the Plaintiff of the particular risks associated with use of the operation of saw as designed.

**INTERROGATORY NO. 16:**

Please state the name and address of each person who witnessed or observed the incident or incidents, who was present immediately prior to, at the time of, or immediately subsequent to the incident, and/or who otherwise has knowledge of facts relating to the incident at issue. If any such person has provided or recorded a written statement, please identify the statement (see definition (4)) and each custodian thereof.

**ANSWER NO. 16:**

Objection. The Plaintiff objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and seeks disclosure of information protected by the work-product doctrine. Subject to and without waiving these objections, the Plaintiff states that I am not aware that any one witnessed the incident. No one was in the area when the accident occurred. The incident was investigated by Modern Continental's Safety Officer, John Balboni (600 Memorial Drive, Cambridge, MA) and AIG's Insurance Investigator, Dave Hendrickson (99 Summer St., Boston, MA).

**INTERROGATORY NO. 17:**

Please state whether you, or anyone acting on your behalf, has made a written or recorded statement concerning the incident or incidents to any person or entity (other than your attorneys), and, if so, please identify each such statement (see definition (4)) and each custodian thereof.

**ANSWER NO. 17:**

Objection. The Plaintiff objects to this Interrogatory on the grounds that it seeks disclosure of information protected by the work-product doctrine. Subject to and without waiving this objection the Plaintiff states that he has testified before the Department of Industrial Accidents regarding his claim.

**INTERROGATORY NO. 18:**

If you claim that Electrolux was negligent other than with respect to a defect identified in your answer to Interrogatories 4 through 6, please state the basis for this contention (see definition (8)).

**ANSWER NO. 18:**

As discovery in this matter is still ongoing, the Plaintiff reserves the right to supplement this answer should it become appropriate.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 12 DAY OF April, 2005.

*Michael Watson*
Michael Watson

As to objections:

*James E. Byrne*
James E. Byrne, Esq.
BBO#068560
Jonathan E. Tobin, Esq.
BBO#641509
FINNERAN, BYRNE &
DRECHSLER, L.L.P.
50 Redfield Street
Boston, MA 02122
(617) 265-3900

- 15 -

# EXHIBIT J

## AIG CLAIM SERVICES, INC.

## PHOTOGRAPH SHEET

Date Taken: 12/06/01

Location: C17A1

Owner / Claimant: Michael Watson

Taken By: David C. Hendrickson





# EXHIBIT K



- Law.com Home
- Newswire
- LawJobs
- CLE Center
- LawCatalog
- Our Sites
- Advertise

**ALM EXPERTS.COM** Your source for experts, consultants & litigation support services

Experts & Consultants | Court Reporters | Investigators | Process Servers | ADR

**Search term:**
[          ] GO

- ⦿ Keyword
- ○ Areas of Expertise
- ○ Expert/Company Name

**Browse by category:**
[Please Select ▼]

**Advanced Search/**
**Search by State**

- Home
- Add Your Listing
- Full List of Categories
- Request a Print Directory
- Request For More Information
- Testimonials
- Online MediaKit
- Help
- Links

Contact ALMExperts
1-888-809-0133
or experts@alm.com

 




Check VerdictSearch for this expert's cases



> RETURN TO SEARCH RESULTS

### Leslie N. Wilder P.E., Forensic Engineer
### Sabon Industries, Inc.

150 Jennie Lane
Fairfield, CT 06824
Phone: (203) 255-8880
Fax: (203) 255-8880

 send an email   view resume (PDF)

**Profile:**
Specialty areas include Mechanical Engineering, Electrical Er
Human Factors/Ergonomics/Biomechanics, Product Design,
Analysis, Safety/Guarding, Manufacturing, and Cumulative T
Disorders. Clients include both plaintiff and defense.

Mr. Wilder's experience includes Director of Engineering - AI
President Research & Development - Dictaphone Corp., Pres
Sabon Industries, Inc., consultant to industry. Fourteen pate
granted, including the Bell System Trimline telephone.

He has provided expert testimony in state, federal and inter
courts regarding a wide variety of matters involving human
with structures, walking surfaces, recreational and mechanic
mechanical and electrical machinery and products. In additi
forensic engineering investigations, where appropriate, serv
the design and construction of working models to demonstra
technical and economic feasibility of alternative designs.

**Education/Licenses:**
Advanced degrees in mechanical & electrical engineering; Bo
Certified Diplomate in Forensic Engineering; Board Certified
Ergonomist; Registered Professional Engineer in CA, CT and

**Primary Area of Expertise:** Engineering



Area(s) of Expertise



AMFS
800-275-8903
www.medicalexperts.com
Providing qualified MEDICAL EXPERTS since 1990.
Experience the Difference!
• More than 7,500 medical experts in over 85,000 cases.
• Unconditional money-back guarantee!

- Accident Investigation & Failure Analysis (493)
- Amputation/Artificial Limbs (13)
- Archery (2)
- Bicycles Accidents (9)
- Biomechanics (46)
- Brakes (29)
- Building Materials/Products (29)
- Chain Saws (2)
- Construction Equipment (26)
- Consumer Products (13)
- Consumer Products-Kitchen Appliances (8)
- Consumer Products-Toys (6)
- Design & Manufacturing (12)
- Design (Engineering) (3)
- Design Testing & Analysis (32)
- Doors/Gates (15)
- Electro-mechanical Products (2)
- Engineering (379)
- Equipment (16)
- Ergonomics/Human Factors (65)
- Fitness Equipment (5)
- Food Equipment/Machinery (14)
- Furniture Safety (6)
- Garden/Lawn Equipment (16)
- Guarding (29)
- Household Appliances (11)
- Industrial Equipment/Machinery (3)
- Ladders/Scaffolds (49)
- Machine Guards (53)
- Machinery & Equipment (7)
- Mechanical Engineering (151)
- Medical Equipment (21)
- Off-Road/All-Terrain Vehicles (15)
- Patent Infringement (21)
- Patient Handling Equipment (1)
- Power Tools (8)
- Repairs/Repair Shop Practices (9)
- Seat Belts (42)
- Sidewalks (7)
- Skiing (5)
- Slips-Trips-Falls (150)
- Snow Throwers (1)
- Snow/Winter Sports (10)
- Sporting/Exercise Equipment (26)
- Sports/Recreation Equipment (5)
- Sports/Sporting Accidents (28)
- Stairs/Stairways (10)
- Tools (2)
- Truck - Unloading/Loading (12)
- Vehicle (11)
- Visibility Studies (18)
- Water Skiing (4)

[ RETURN TO SEARCH RESULTS ]

# EXHIBIT L

**SABON**INDUSTRIES, INC.                                    Leslie N. Wilder, P.E.
150 Jennie Lane • Fairfield, Connecticut 06824 • 203/255-8880

March 24, 2006

**By fax to: 617 265 3627**

Jonathan E. Tobin
Finneran, Byrne & Dreschler, L.L.P.
50 Redfield Street
Boston, MA 02122

Re: Watson v. Electrolux

Dear Mr. Tobin,

In reviewing the above file in preparation for my forthcoming deposition, I have recently become aware of certain facts that cause me to modify my previous opinion stated in my September 29, 2005 report.

My opinion that the subject K2300 EL saw is unreasonably dangerous because of the lack of a blade brake remains the same.

However, a review of the defendant's expert report and the reconstruction videos, especially the video labeled: Film Reconstruction Sweden: Descend Ladder & Cut Leg indicate that it is possible that certain manipulations of the saw might allow inadvertent actuation of the safety interlock button and trigger switch.

Because of this, I considered the scenario that Mr. Watson inadvertently and unknowingly started the saw as he descended the ladder to the ground. Based upon his description of the events leading up to his injury, such inadvertent operation, if it indeed occurred, would have taken place at or about the time he reached the bottom of the ladder, when he changed his grip on the saw, and prior to lowering it to his side.

In such an event, had there been a blade brake, is more likely than not that his injury would not have occurred, or would have been less severe.

But such a scenario – that of an inadvertent operation of the saw causing it to be under power, or coasting less than 3 seconds just prior to contacting his leg, could not have occurred had there been an effective interlock. Such an interlock could and should have been designed to more effectively prevent or minimize inadvertent actuation by, for example, being recessed, guarded, or positioned away from an operator's normal operating grip on the handle.

Thus, the lack of an effective safety interlock, as well as the lack of a blade brake both constitute design defects which make this saw unreasonably dangerous, and one or both of these defects were contributing causes of this injury.

Sincerely,

Leslie N. Wilder, P.E.

# EXHIBIT M

UNITED STATES DISTRCT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL WATSON, INDIVIDUALLY,
AND AS FATHER AND NEXT FRIEND
OF JOHN WATSON, PPA
    Plaintiff

v.

ELECTROLUX PROFESSIONAL
OUTDOOR PRODUCTS, INC.
    Defendant

CIVIL ACTION NO. 04-11782 DPW

## AFFIDAVIT OF OVE DONNERDAL

I, Ove Donnerdal, state as follows under penalties of perjury:

1. I am the Director of Research and Development for Partner Industrial Products, in Jonsered, Sweden. Partner Industrial Products is a division of Electrolux Professional Outdoor Products, Inc., and the designer and manufacturer of the Partner K2300 power cutter.

2. On November 8, 2005, under the direction of Lennart Gustafsson, Vice President of Electrolux Outdoor Products, I performed certain tests using Partner's K2300 power cutter.

3. The tests were performed in connection with a lawsuit *Watson v. Electrolux Professional Outdoor Products, Inc.*, Civil Action No. 04-11782, in the Federal District Court of Massachusetts;

4. To conduct the tests I taped down the trigger interlock on the K2300 to see what might happen if the trigger interlock was removed, or if it was

       broken. The enabled me to start the saw with one hand without depressing the trigger lock;

5.     The tests were videotaped and the videotape was labeled "Film Rekonstruktion Sweden: Descend Ladder and Cut Leg." in the introduction to the video I stated the following:

> "Ok, nu har vi tejpat säkerhetsspärren för att se vad som händer om någon har tatt bort den eller om den är en trasig maskin. Och det är framför allt risken att den startar när man släpper ner den vi kollar."

6.     This statement, translated into English, states the following:

> "Okay, we have now taped down the trigger interlock to see what happens if someone has removed it or if the machine is broken and it is especially the risk that it starts when you drop it we are checking."

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS DAY _17_ OF MAY, 2006.

_____
Ove Donnerdal