UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL WATSON, INDIVIDUALLY,
AND AS FATHER AND NEXT FRIEND
OF JOHN WATSON, PPA
        Plaintiff

v.                                                    CIVIL ACTION NO. 04-11782 DPW

ELECTROLUX PROFESSIONAL
OUTDOOR PRODUCTS, INC.
        Defendant

**DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S
ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The defendant, Electrolux Professional Outdoor Products, Inc. ("Electrolux"), hereby

moves that the Court reconsider a specific aspect of that portion of its recent summary judgment

order which addressed Watson's "blade brake" theory of defective design, and upon such

reconsideration urges that the Court allow Electrolux's motion for summary judgment in its

entirety.

Electrolux accepts, for purposes of this motion, the Court's ruling that Watson's expert

will be permitted to testify that the saw was defectively designed because it lacked a blade brake.

Nevertheless, the Court should grant Electrolux's motion for summary judgment on Watson's

blade brake theory because Watson will be unable to demonstrate that his accident was caused

by a coasting blade, as opposed to a powered blade, and therefore will be unable to show that the

accident would have been prevented by a blade brake.

It is undisputed that if Watson's accident happened after he inadvertently activated the

saw and while it was under power, the absence of a blade brake did not cause the accident. *See*

Electrolux's Statement of Undisputed Facts ("U.F."), ¶ 76.   A blade brake is only activated

when the saw trigger is released and the blade is coasting, not while it is under power. *See*

Wilder Report, Ex. D to Electrolux's Motion for Summary Judgment. Thus, to meet his burden

of proof as to causation, Watson must offer sufficient evidence to permit a jury to conclude that

the blade was coasting. Yet, as the Court recognizes, Watson himself, the only witness to the

accident, does not know whether the blade was coasting or whether he had inadvertently turned it

on in the moments before his accident. *See* Memorandum and Order, pp. 4-5; U.F., ¶¶ 20-22; 24.

More significantly, Watson's expert, Leslie N. Wilder, concedes he does not know, and

cannot determine to a reasonable degree of engineering certainty, whether the saw blade was

coasting or under power when Watson was injured. At his deposition, Wilder testified as

follows:

> Q:    Do you assign any greater probability to the blade being coasting, on the
>       one hand, or under power on the other at the time he was injured?
>
> A:    I simply don't have enough information to make that determination.
>
> Q:    So, you simply don't know?
>
> A:    I simply don't know.
>
> · · ·
>
> Q:    And you can't say to a reasonable degree of engineering certainty whether
>       the blade was coasting or under power at the time of his injury, correct?
>
> A:    No, I cannot say that.

Wilder deposition, Ex. F to Electrolux's Motion for Summary Judgment at 41, 80.

Indeed, it is precisely because of this irresolvable uncertainty that Wilder could only opine that

"the presence of *both* of those safety devices, a blade brake and an interlock in my opinion would

have either prevented or mitigated this injury." U.F., ¶ 77, (emphasis supplied).

In denying Electrolux's motion for summary judgment on the blade brake theory, the

Court was apparently under a mistaken impression concerning Wilder's opinion with respect to

2

causation.  In its Order, the Court states that "Wilder opines that to a reasonable degree of

engineering certainty, Watson's injury could have been prevented or mitigated by the

incorporation of *either* or both a blade brake mechanism and an effective interlock into the

design of the K2300."  Memorandum and Order, pp. 23-24 (emphasis supplied).  In fact, Wilder

clearly testified that *both* safety devices would, in his opinion, be necessary to prevent Watson's

accident:

> Q:     Mr. Wilder, can you conclude to a reasonable degree of engineering
>        certainty that the presence of a blade brake and an effective interlock
>        would have prevented Mr. Watson's injury?
>
> A:     Would have prevented or mitigated it if *both* of those features were part of
>        his saw.
>
> Q:     Can you explain that, please?
>
> A:     Well, I believe since we don't know or I don't know precisely what
>        happened, how much of his injury was caused by coasting versus how
>        much of it might have been caused by a powered on blade, since we don't
>        know -- and how much it might have been caused by a coasting blade, the
>        presence of *both* of those safety devices, a blade brake and an interlock in
>        my opinion would have either prevented or mitigated this injury.

Ex. F at 178-179. (Emphasis supplied)

Given the absence of either lay or expert testimony to support the proposition that

Watson was injured by a coasting blade, as opposed to a powered blade, there is simply no basis

from which a jury could reasonably find a causal connection between the lack of a blade brake

on the K2300 - Watson's only remaining theory of defect - and Watson's accident.  Under these

circumstances, Watson will be unable to prove a greater likelihood that his accident was "due to

causes for which the defendant was responsible than from any other cause," *Carey v. General

Motors Corp.,* 377 Mass. 736, 740 (1979); *see also, Forlano v. Hughes,* 393 Mass. 502 at 507-

508 (1984) (holding that where plaintiff presented two possible ways he suffered his injury, only

one of which was due to the defendant's negligence, there was insufficient evidence from which

3

the jury could determine causation).  The Court should reconsider this aspect of its order, and

should grant Electrolux's motion for summary judgment in its entirety.

> ELECTROLUX PROFESSIONAL OUTDOOR
> PRODUCTS, INC.,
> By its Attorneys,
>
>
>
> /s/  *David A. Barry*
> David A. Barry, BBO No. 031520
> Sugarman, Rogers, Barshak & Cohen, P.C.
> 101 Merrimac Street, 9th Floor
> Boston, MA 02114-4737
> (617) 227-3030
> barry@srbc.com
>
>
> /s/  *Suleyken D. Walker*
> Suleyken D. Walker, BBO No. 654933
> Sugarman, Rogers, Barshak & Cohen, P.C.
> 101 Merrimac Street, 9th Floor
> Boston, MA 02114-4737
> (617) 227-3030
> walker@srbc.com

DATED: August 15, 2006

CERTIFICATE OF SERVICE


        I, David A. Barry, hereby certify that this document, filed through the ECF system, will
be sent electronically to the registered participants as identified on the Notice of Electronic Filing
(NEF) and paper copies will be sent to those indicated as non registered participants on August
15, 2006.


> */s/ David A. Barry*
> David A. Barry
> barry@srbc.com

Doc. 381040v.3