UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL WATSON, INDIVIDUALLY, AND AS FATHER AND NEXT FRIEND OF JOHN WATSON, PPA<br>    Plaintiff<br><br>v.<br><br>ELECTROLUX PROFESSIONAL OUTDOOR PRODUCTS, INC.<br>    Defendant | CIVIL ACTION NO. 04-11782 DPW |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

The defendant, Electrolux Professional Outdoor Products, Inc. ("Electrolux"), submits this opposition to plaintiff's motion to reconsider the Court's decision precluding the plaintiff's expert, Leslie N. Wilder, from testifying as to his "trigger-lock" theory of defective design and granting Electrolux's motion for summary judgment with respect to that theory. As set forth more fully below, the Court correctly concluded that Wilder's trigger-lock theory was not based on sufficiently reliable methodology, either to establish a product defect or to prove that this alleged defect was the cause of Watson's accident. *See,* Memorandum and Order, pp. 17-19. Accordingly, Electrolux's summary judgment motion on the "trigger-lock" theory was properly granted and Watson's motion for reconsideration should be denied.

**Product Defect**

As Wilder himself acknowledges, his trigger-lock opinion was purely "artificial," consisting only of several "concepts or approaches" developed solely for this litigation. *See* Electrolux's Statement of Undisputed Facts (U.F.), ¶¶ 59, 61. Wilder admittedly never reduced these concepts to any drawing or prototype that could be analyzed or tested, never in fact tested

these "approaches" to see if they would work in the real world without adverse consequences to the product, never discussed them with any engineer, and never, to his recollection, used them in a power cutter. U.F., ¶¶ 60, 62, 63 and 64. Moreover, Wilder's trigger-lock opinion was not based on any information concerning the frequency of power cutter accidents resulting from inadvertent activation, U.F., ¶ 57, and thus involved no consideration whatever of "the gravity of the danger posed by the challenged design . . . (or) the likelihood that such danger would occur." *Back v. Wickes Corp.*, 375 Mass. 633, 640-41 (1978).

As the Court also found, there was no evidence that the trigger-lock was relocated on the successor model 3000 saw for safety reasons; indeed, the record indicates that it was moved because many people had trouble locating the trigger-lock on the subject K2300. *See,* Memorandum and Order, p. 18; Gustafsson Deposition, Plaintiff's Ex. 9, at 77-78.

Finally, the fact that Wilder, as he states in an affidavit submitted in opposition to Electrolux's motion for summary judgment, may be aware of several other manufacturers that use interlocks on their electric saws is no substitute for the requirement that Wilder *design* a safer alternative trigger-lock that would have prevented Watson's accident. *See* Watson's Opposition, p. 2. The Court properly ruled that Wilder's proposed trigger-lock opinion was not based on sufficiently reliable engineering methodology to establish a product defect and that it should therefore be excluded under Fed. R. Evid. 702. Memorandum and Opinion, p. 19.[1]

---

[1] Watson's opposition cites several cases, decided before the Supreme Court's decision in *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167 (1999), to support his assertion that the trial court's "gatekeeping" obligation under *Daubert* only applies to "scientific" expert opinion and that an *engineer* may base his opinions on personal observation and experience without satisfying *Daubert's* admissibility criteria. This contention is directly refuted by the Supreme Court's holding in *Kumho Tire* that the proposed testimony of a mechanical engineer was properly subjected by the trial court to a *Daubert* analysis and was not admissible merely because it was based upon the engineer's personal observations and experience.

### Causation

The Court also properly found that Wilder's opinion that a re-located or re-designed trigger-lock would have prevented Watson's accident that was "speculative" and "conclusory". Memorandum and Opinion, p. 17. Assuming that Watson's accident resulted from inadvertent activation of the saw[2] - a separate and distinct question from whether a different trigger-lock would have prevented it - Wilder's opinion that the design of the subject trigger-lock was the cause of Watson's accident is, as the Court found, nothing more than a "bare assertion" uncorroborated by any reliable testing. Memorandum and Opinion, p. 17. The Court correctly ruled that Wilder's trigger-lock opinion was insufficient to establish causation, and properly excluded his testimony for that reason as well. Memorandum and Opinion, p. 19.

### Conclusion

For the reasons stated above, the plaintiff's motion to reconsider the Court's decision allowing Electrolux's motion for summary judgment with respect to the plaintiff's "trigger-lock" theory should be denied.

---

[2] Watson states in his opposition that "inadvertent activation is a well-known danger in the power tool industry" and that "the saw could have been inadvertently activated based on the accident sequence as described by Mr. Watson," See Plaintiff's Opposition, p. 4. These assertions merely serve to emphasize the fact that Watson will be unable to prove how his accident occurred, and therefore support Electrolux's argument, as set forth in its Motion for Partial Reconsideration of the Court's Order on Defendant's Motion for Summary Judgment, that the Court should allow Electrolux's motion on Watson's blade brake theory because he will be unable to demonstrate that the accident was caused by a coasting, as opposed to an inadvertently activated and powered, blade. See Defendant's Motion for Partial Reconsideration of the Court's Order on Defendant's Motion for Summary Judgment, filed on August 15, 2006.

ELECTROLUX PROFESSIONAL OUTDOOR
PRODUCTS, INC.,
By its Attorney,

/s/ *David A. Barry*
David A. Barry, BBO No. 031520
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114-4737
(617) 227-3030
barry@srbc.com


/s/ *Suleyken D. Walker*
Suleyken D. Walker, BBO No. 654933
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114-4737
(617) 227-3030
walker@srbc.com

DATED: September 12, 2006

CERTIFICATE OF SERVICE

I, David A. Barry, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 12, 2006.

/s/ *David A. Barry*
David A. Barry
barry@srbc.com

#381920