UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL WATSON, INDIVIDUALLY, AND AS FATHER AND NEXT FRIEND OF JOHN WATSON, PPA<br>    Plaintiff<br><br>v.<br><br>HUSQVARNA PROFESSIONAL OUTDOOR PRODUCTS INC.<br>    Defendant | CIVIL ACTION NO. 04-11782 DPW |

## DEFENDANT'S PRE-TRIAL MEMORANDUM

1. Defendant's Trial Counsel:

David A. Barry and Andrew R. Levin, Sugarman, Rogers, Barshak & Cohen, P.C., 101 Merrimac Street, Boston, MA 02114.

2. This case is to be tried to a jury.

3. Summary of the evidence to be offered by the defendant:

Electrolux intends to offer evidence at trial to establish that the absence of a blade brake did not render the K2300 EL defective. Electrolux will offer evidence that the subject power cutter is intended for professional users like the plaintiff, and that even today there are no other comparable power cutters that are equipped with a blade brake as proposed by the plaintiff's expert. Electrolux will also offer evidence that it is unaware of any case, apart from this case, where anyone has been injured by, or complained about, a coasting blade on a power cutter. Electrolux will also offer evidence that will demonstrate that the power saws equipped with blade brakes that are cited by the plaintiff's expert (portable circular saws, miter saws, radial arm saws and table saws) are

not comparable in design and thus the presence of a blade brake on those power tools has no bearing on whether it was feasible to incorporate a blade brake into the design of a K2300 EL.

Electrolux will also offer evidence to establish that Watson's injury was not caused by a coasting blade, and, therefore, the alleged defect, *i.e.*, the absence of a blade brake on the K2300 EL, did not cause Watson's injury.  Specifically, Electrolux will offer evidence that a blade coasting for as long as 9 seconds (the minimum time it would have taken Watson to climb down the ladder to the ground, where his accident occurred) would not have had sufficient energy to cause Watson's injury.  Rather, Electrolux will offer evidence that it is, in fact, more likely than not that the blade was spinning under full power at the time of Watson's injury, and, thus, absence of a blade brake on the power cutter did not cause Watson's injury.

Electrolux will offer evidence that the trigger lock was, more likely than not defeated on the power cutter on the day of the accident, rendering the power cutter susceptible to inadvertent activation.

Electrolux will offer evidence to show that the plaintiff was negligent, and that his negligence contributed to his accident.  Electrolux will also offer evidence to demonstrate that even if his accident was caused by a coasting blade, Mr. Watson, as an experienced user of this and other power tools, was fully aware of the danger of the coasting blade, and nevertheless unreasonably proceeded to use the power cutter by climbing down the ladder with the power cutter while the blade was still spinning.

Electrolux will also offer evidence that plaintiff waited an unreasonable amount of time before providing Electrolux with notice of the alleged breached of warranty and

2

that Electrolux has been prejudiced by the late notice because of the apparent unavailability of the power cutter at issue.

With respect to damages, Electrolux intends to offer evidence that although Mr. Watson may be permanently disabled from his work as a laborer, it is still likely he will experience vocational success. Electrolux will also offer evidence that Mr. Watson's work as a laborer was seasonal and subject to high rates of unemployment, and that Mr. Watson, who now holds a B.S. in Biology, will at least meet and most likely exceed his pre-injury wages and earning capacity as a laborer through his work as a lab technician in the field of marine biology.

4. Stipulated Issues of Fact:

See Plaintiff's Pre-Trial Memorandum.

5. Contested Issues of Fact:

(a) Whether Electrolux was negligent with respect to the design of the K2300 EL power cutter.

(b) Whether any negligence by Electrolux was the cause of the plaintiff's accident.

(c) Whether the K2300 EL power cutter was defectively designed.

(d) Whether any defect in the K2300 EL power cutter was the cause of plaintiff's accident.

(e) Whether the plaintiff's own negligence caused or contributed to his accident.

(f) Whether the plaintiff was aware of the danger and defect he claims

3

was present in the K2300 EL power cutter and whether, despite this awareness, he unreasonably used the power cutter at the time of his accident.

  (g) Whether the plaintiff gave the defendant timely notice of the alleged breach of warranty and, if not, whether the defendant was prejudiced by late notice.

  (h) The extent of damages sustained by Michael Watson and John Watson as a result of the December 5, 2001 accident, particularly Michael Watson's alleged loss of earning capacity.

  6. There is no jurisdictional question.

  7. Issues of law, including evidentiary questions, together with supporting authority:

In addition to the issues of law common to products liability cases, Electrolux has filed 2 motions *in limine* seeking to preclude certain aspects of plaintiff's expert's proffered opinions. See paragraph 14 below.

In addition, Electrolux contends that even if the plaintiff succeeds in establishing that the power cutter was defective in the absence of a blade brake, he will be unable, as a matter of law, to prove causation because neither he nor his expert can prove that his accident was caused by a coasting blade.

Lastly, Emerson contends that it has been prejudiced by plaintiff's late notice of his breach of warranty claim, and that this claim should be barred. Smith v. Robertshaw Controls Company, 410 F.3d 29, 36 (1st Cir. 2005).

  8. There are no requested amendments to the pleadings.

9. Additional matters to aid in the disposition of the action: None at this time.

10. Length of trial: 5-7 full days.

11. Witnesses who may be called to testify by defendant:

John Preston Balboni, 12 Rock Lane, Norton, MA, factual.

Augustine G. Carvalho, 104 Davis Street, New Bedford, MA, factual.

Jonathan Ford, 34 Potter Drive, Bellingham, MA, factual.

James R. Funk, Ph.D., Biodynamic Research Corporation, 5711 University Heights Boulevard, Suite 100, San Antonio, TX 78249, expert.

Lennart Gustafsson, 1345 N. Yale, Arlington Heights, IL 60004, factual and expert.

David Hendrickson, AIG Claim Services, 99 Summer Street, 5th Floor, Boston, MA 02110, factual.

Joseph Naroski, P.O. Box 1420, Marblehead, MA 01945, factual.

Mark Ross, Colonial Investigative Group, Inc., 668 Main Street, Wilmington, MA, factual.

Deborah J. Veatch, M.A., M.S., Veatch Occupational Consulting, 29 Warren Street, Westborough, MA 01581, expert.

Amy O'Halloran Watson, 39 Old Harbor Street, Boston, MA, factual.

Representative of Modern Continental, factual.

Representative of OSHA, factual.

12. None.

13. (a) See attachment A.

   (b) See attachment B.

   (c) See attachment C.

5

14. (a) Defendant's Motion *in limine* to Preclude Plaintiff's Expert from Commenting or Suggesting that the Trigger Lock Was Defective.

(b) Defendant's Motion *in Limine* to Preclude Plaintiff's Expert from Testifying as to the Condition of the Power Cutter's Blade at the Time of Plaintiff's Injury, And to Preclude Plaintiff's Expert from Testifying that the Power Cutter's Blade, after Coasting for Nine Seconds, Had Sufficient Energy to Cause Plaintiff's Injury.

ELECTROLUX PROFESSIONAL OUTDOOR PRODUCTS, INC., n/k/a HUSQVARNA PROFESSIONAL OUTDOOR PRODUCTS INC., By its Attorneys,

/s/  Andrew R. Levin
David A. Barry, BBO No. 031520
Andrew R. Levin, BBO No. 631338
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114-4737
(617) 227-3030
levin@srbc.com

DATED:   February 21, 2007

CERTIFICATE OF SERVICE

I, Andrew R. Levin, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 21, 2007.

/s/ Andrew R. Levin
levin@srbc.com

Doc. #387905

6