# ATTACHMENT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL WATSON, INDIVIDUALLY, AND AS FATHER AND NEXT FRIEND OF JOHN WATSON, PPA<br>    Plaintiff<br><br>v.<br><br>HUSQVARNA PROFESSIONAL OUTDOOR PRODUCTS INC.<br>    Defendant | CIVIL ACTION NO. 04-11782 DPW |

## **DEFENDANT'S PROPOSED VERDICT QUESTIONS**

1. Do you find that Electrolux was negligent in the design of the Partners power cutter?

    *Answer Yes or No:*_____. *If you answered Yes, proceed to Question 2. If you answered No, proceed to Question 6.*

2. Do you find that Electrolux's negligence was a proximate cause of Mr. Watson's accident?

    *Answer Yes or No:*_____. *If you answered Yes, proceed to Question 3. If you answered No, proceed to Question 6.*

3. Do you find that Mr. Watson was negligent in failing to exercise reasonable care for his own safety prior to the accident?

    *Answer Yes or No:*_____. *If you answered Yes, proceed to Question 4. If you answered No, proceed to Question 6.*

4. Do you find that Mr. Watson's negligence was a proximate cause of his accident?

*Answer Yes or No:*_____. *If you answered Yes, proceed to Question 5. If you answered No, proceed to Question 6.*

5. What do you find are the percentages of relative fault of Mr. Watson and Electrolux in causing the accident? *(Note: the percentages must total 100%.)*

Michael Watson:_____ %

Electrolux:_____ %

Total:   100%.

*Proceed to Question 6.*

6. Do you find that Electrolux breached the implied warranty of merchantability with respect to the design of the Partners power cutter?

*Answer Yes or No:*_____. *If you answered Yes, proceed to Question 7. If you answered No, proceed to the instructions before Question 10.*

7. Do you find that Electrolux's breach of warranty was a proximate cause of Mr. Watson's accident?

*Answer Yes or No:*_____. *If you answered Yes, proceed to Question 8. If you answered No, proceed to the instructions before Question 10.*

8. Do you find that Mr. Watson was aware of the defect and the danger presented by the design of the power cutter—that is, that Mr. Watson knew that the power cutter did not have a blade brake at the time of the accident, that the blade coasts to a stop after the power is switched off and that he could be injured by the coasting blade—and acted unreasonably with respect to the power cutter?

*Answer Yes or No:*_____.

2

9. Do you find that Mr. Watson's delay in providing notice of his potential claim against Electrolux was unreasonable and that this delay in providing notice has prejudiced Electrolux?

*Answer Yes or No:* _____.

*Instructions for Questions 10-13: Answer these questions if, and only if, you have either (1) answered Yes to both Questions 1 and 2, or (2) answered Yes to both Questions 6 and 7, and No to question 8 and 9. If you did not answer Yes to at least (1) both questions 1 and 2, or (2) both questions 6 and 7, or if you answered Yes to question 8 or 9, stop here.*

10. What amount of damages, if any, do you find that Mr. Watson is entitled to recover from the defendants?

*Answer None or state dollar amount:* _____.

*Proceed to Question 11.*

11. Do you find that John Watson has suffered a loss of Michael Watson's consortium as a result of the accident?

*Answer Yes or No:* _____. *If you answered "Yes," proceed to Question 12. If you answered "No," stop here.*

12. Do you find that the loss of consortium was proximately caused by the conduct of Electrolux?

*Answer Yes or No:* _____. *If you answered "Yes," proceed to Question 13. If you answered "No," stop here.*

3

13. What amount of damages, if any, do you find that John Watson is entitled to recover from Electrolux?

*Answer None or state dollar amount:*_____.

        ELECTROLUX PROFESSIONAL OUTDOOR PRODUCTS, INC., n/k/a HUSQVARNA PROFESSIONAL OUTDOOR PRODUCTS INC., By its Attorneys,

/s/ Andrew R. Levin
David A. Barry, BBO No. 031520
Andrew R. Levin, BBO No. 631338
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114-4737
(617) 227-3030
levin@srbc.com

DATED:  February 21, 2007

## CERTIFICATE OF SERVICE

I, Andrew R. Levin, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 21, 2007.

        /s/ Andrew R. Levin
        levin@srbc.com

Doc. #387910