UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL WATSON, INDIVIDUALLY, AND AS FATHER AND NEXT FRIEND OF JOHN WATSON,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>HUSQVARNA PROFESSIONAL OUTDOOR PRODUCTS, INC.,<br>　　　　　　　　　　Defendant. | CIVIL ACTION<br>NO: 04-11782DPW |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

TABLE OF CONTENTS

1.   Corporations - Treated As Individual Under Law
2.   Corporations - Knowledge of Agent or Employee is Imputed to Corporation
3.   Negligence - General Definition
4.   Negligence - Manufacturer's Duty Generally
5.   Negligence - Manufacturer's Duty to Use Reasonable Care to Eliminate Avoidable Dangers
6.   Negligence - Degree of Care Commensurate with Severity of Risk
7.   Negligence - Manufacturer's Duty Regarding Product Design
8.   Negligence - Duty to Anticipate Environments Where Product is Used
9.   Negligence - Compliance with Industry Custom is Not Per Se Reasonable
10.  Negligence - Similarity with Other Manufacturer Designs
11.  Negligence - Compliance with Minimum Safety Standards
12.  Negligence - Evidence of Post-Accident Design Changes
13.  Comparative Negligence - Burden of Proof
14.  Comparative Negligence - Apportionment and Bar to Recovery
15.  Breach of Warranty - General
16.  Breach of Warranty - Different from Negligence
17.  Breach of Warranty - Implied Warranty of Merchantability
18.  Breach of Warranty- Implied Warranty of Fitness for a Particular Purpose
19.  Breach of Warranty - Foreseeable Use
20.  Breach of Warranty - Design Defect
21.  Breach of Warranty - Consistent Verdicts
22.  Causation - General
23.  Causation - Multiple Causes
24.  Causation - Significance of Expert Testimony
25.  Damages - General

26. Damages - Proof Need Not be Certain
27. Damages - Need Not be Measurable with Precision
28. Damages - Michael Watson - Elements
29. Damages - Michael Watson - Mental Suffering
30. Damages - Michael Watson - Permanent Injuries
31. Damages - John Watson - Loss of Parental Consortium
32. Damages - Take Plaintiff as You Find Him

## PROPOSED JURY INSTRUCTIONS

1. **Corporations - Treated As Individuals Under Law**

The defendant, Husqvarna Professional Outdoor Products ("Husqvarna"), is a corporation. A corporate defendant is entitled to the same fair and unprejudiced treatment by a jury as an individual would be under like circumstances. A corporation is not a living being. It can act only through its employees, agents and officers. If an employee of the company is negligent or makes a statement in furtherance of the company's business, it is imputed to the corporation and is binding.

2. **Corporations - Knowledge of Agent or Employee is Imputed to Corporation**

The defendant, Husqvarna, acquires knowledge from all of its agents and employees. As such, Husqvarna is presumed to know all of the information which its employees and agents gain within the scope of their employment. Put another way, Husqvarna is chargeable with the combined knowledge which all of its employees and agents acquire within the scope of their employment. *Central Soya Puerto Rico, Inc. v. Secretary of Labor*, 653 F.2d 38, 39-40 (1st Cir. 1981); *Sunrise Properties, Inc. v. Bacon, Wilson, Ratner, Cohen, Salvage, Fialky & Fitzgerald, P.C.*, 425 Mass. 63, 65 (1997); *Bockser v. Dorchester Mutual Fire Insurance Company*, 327 Mass. 473, 477-478 (1951).

3. **Negligence – General Definition**

In this case, the plaintiff alleges that Husqvarna acted negligently when it designed and sold the power saw involved in Mr. Watson's accident. Negligence is generally defined as the failure of a responsible person or company, either by omission or by action, to exercise that degree of care, vigilance and forethought which, in the discharge of the duty then resting on him, a person of ordinary caution and prudence ought to exercise under the particular circumstances. You are being asked to consider whether Husqvarna exercised the degree of care which an ordinary, reasonably prudent manufacturer would have exercised in like circumstances. *Altman v. Aronson*, 231 Mass. 588, 591 (1919).

4. **Negligence - Manufacturer's Duty Generally.**

Husqvarna, as the designer of the product, is in the best position to recognize and eliminate design defects. A manufacturer is legally responsible for its improper conduct in the placement of defectively designed products into the channels of commerce. *Solimene v. B. Grauel & Co., K.G.*, 399 Mass. 790, 796 (1987); *Uloth v. City Tank Corp.*, 376 Mass. 874 (1978).

5. **Negligence -- Manufacturer's Duty to Use Reasonable Care to Eliminate Avoidable Dangers**

Under the law, the manufacturer of a product, such as Husqvarna, has a duty to use reasonable care to design its products so as to eliminate avoidable dangers. *Uloth v. City Tank Corp.*, 376 Mass. 874, 878 (1978).

6. **Negligence - Degree of Care Commensurate with Severity of Risk**

The degree of care which a reasonable manufacturer is required to exercise must be commensurate with the risks and dangers to be avoided. If it is foreseeable that grave consequences could result, such as serious injury or death, a higher degree of care may be required. *Guinan v. Famous Players - Lasky Corp.*, 267 Mass. 501, 513 (1929); *Parsons v. Dwightstate Co.*, 301 Mass. 324 (1938); *Mounsey v. Ellard*, 363 Mass. 693, 708-709 (1973).

7. **Negligence - Manufacturer's Duty Regarding Product Design**

A manufacturer may be liable for the negligent design of a product even if the product functioned as intended, if it was designed in a fashion more dangerous than it needed to be. *Uloth v. City Tank Corporation*, 376 Mass. 874 (1978).

8. **Negligence - Duty to Anticipate Environments Where Product Used**

A manufacturer, such as Husqvarna, has a duty to anticipate the environment in which its product will be used and to design against the reasonably foreseeable risks attending the product's use in that setting and the reasonably foreseeable conduct of the users of its products. *Fahey v. Rockwell Graphic Systems*, 20 Mass. App. Ct. 642, 647 (1985); *McLeod v. White Motor Corp.*, 9 Mass. App. Ct. 132, 135 (1980); *Back v. Wickes Corp.*, 375 Mass. 633, 641 (1978); *Colter v. Barber-Greene Co.*, 403 Mass. 50, 57 N.9 (1988); *Barbosa v. Hopper Feeds, Inc.*, 404 Mass. 610 (1989).

9. **Negligence - Compliance With Industry Custom Is Not Per Se Reasonable**

Evidence as to whether or not Husqvarna conformed to business customs that had arisen in the power tool industry may be considered, but such evidence is not controlling on the

question of whether or not Husqvarna was negligent or in breach of warranty. *Back v. Wickes Corp.,* 375 Mass. 633, 641 (1978).

10.  **Negligence - Similarity With Other Manufacturer Designs**

A mere showing that an industry follows common practices is never the full measure of what is reasonable in a particular case. An entire industry "may have unduly lagged in the adoption of new and available devices....; there are some precautions so imperative that even their universal disregard will not excuse their omission." *The T.J. Hooper*, 60 F.2d 737, 740 (2d Cir. 1932)(Hand, J.) *cert. denied sub. nom. Eastern Transport Co. v. Northern Barge Corp.*, 287 U.S. 662, 53 S. Ct. 220, 77 L. Ed. 571 (1932) *citing Maynard v. Buck*, 100 Mass. 40, 47-48 (1868); *Haggerty v. McCarthy*, 344 Mass. 136, 144-145 (1962); *Pignone v. Santa Anita Mfg. Corp.*, 17 Mass.App.Ct. 901, 945 (1983)(rescript).

11.  **Negligence - Compliance With Minimum Safety Standards**

Likewise, compliance with minimum industry safety standards is not conclusive on the issue whether the manufacturer exercised sufficient care. Mere compliance with minimum industry safety standards does not shield Husqvarna from liability. *MacDonald v. Ortho Pharmaceutical Corp.*, 394 Mass. 131, 139-140 (1985) *cert. denied*, 474 U.S. 920, 106 S. Ct. 250, 88 L. Ed. 2d 258 (1985) ("manufacturer should not be shielded from liability by such compliance"); *H.P. Hood & Sons, Inc. v. Ford Motor Co.*, 370 Mass. 69, 74 (1976) (even if there were "full compliance with the Federal standards, such compliance in and of itself does not establish a defense to this action at common law").

12.  **Negligence - Evidence of Post Accident Improvements of Design Changes**

Evidence of post-accident safety improvements or design changes may also be considered by you on the issue of feasibility of redesign of the product and as to the defendant's knowledge of inadequacies of the product's design. *DoCanto v. Ametek Inc.*, 367 Mass. 776, 780 (1975).

13.  **Comparative Negligence -- Burden of Proof**

Michael Watson is presumed by the law to have been in the exercise of reasonable care at the time of the accident. Thus, establishing causal negligence on his part is an affirmative defense on which Husqvarna has the burden of proof. To meet that burden, Husqvarna must prove by a fair preponderance of the credible evidence that Michael Watson was negligent and that such negligence was a cause of the accident. Mass. Gen. Laws. c. 231, § 85.

14.  **Comparative Negligence**

If you find that Michael Watson was negligent and that he was more than 50% at fault for the accident, he *will not* be permitted to recover on his negligence claims. If you find that he

was negligent, but that he was 50% or less at fault, he *will* be permitted to recover on such claims, but his recovery will be reduced by his own percentage of negligence. Any such reduction of the damages is to be done by the court, not by the jury. Therefore, you must write the *full* amount of damages on the verdict slip, without reduction. Mass. Gen. Laws c. 231, § 85; *Flood v. Southland Corp.*, 33 Mass. App. Ct. 287, 300-302 (1992), *aff'd,* 416 Mass. 62 (1993); *Kettinger v. Black & Decker Mfg. Co.*, 13 Mass. App. Ct. 993 (1982); *Thurston v. Ballou*, 23 Mass. App. Ct. 737 (1987).

15.    **Breach of Warranty - General**

Separate and apart from his claims of negligence, Michael Watson has also alleged that Husqvarna is liable based upon a legal doctrine known as "breach of warranty." Do not be misled by this term. Breach of warranty in this case has nothing to do with any contractual warranty that customarily is given by a manufacturer or dealer of power tools or other products. Rather, "breach of warranty" in a case such as this one is a rule imposed by law as a matter of social policy in order to place the burden of injuries caused by a defect in a product upon those who market the product. *Back v. Wickes Corp.*, 375 Mass. 633, 639-640 (1978); *Correia v. Firestone Tire & Rubber Co.*, 388 Mass. 342, 354-355 (1983).

16.    **Breach of Warranty - Different from Negligence**

Under the doctrine known as breach of warranty, the manufacturer or seller of a product may be found liable for injuries caused by a defect in the product even if their conduct was not negligent. The focus is on whether the product has a defect which makes the product unreasonably dangerous to the user or consumer and not on the conduct of the manufacturer or seller. *Correia v. Firestone Tire & Rubber Co.*, 388 Mass. 342, 354-355 (1983); *Hayes v. Ariens Co.*, 391 Mass. 407, 410-413 (1984); *Colter v. Barber-Greene Co.*, 403 Mass. 50, 61-62 (1988); *Simmons v. Monarch Machine Tool Co.*, 413 Mass. 205, 207-208 n 3 (1992).

17.    **Breach of Warranty - Implied Warranty of Merchantability**

When a manufacturer, such as Husqvarna, sells a product, the law provides that a warranty of merchantability is implied in the sale of goods and requires that the product be fit for the ordinary use that such a product would be subject to. Ordinary purposes include not only those uses which were intended, but also those uses which are reasonably foreseeable. Therefore, Husqvarna has breached the implied warranty of merchantability if the design of the K2300 power saw rendered it unfit for any use which the saw would normally be subject to. *Back v. Wickes Corp.*, 375 Mass. 633, 640-641 (1978); *Correia v. Firestone Tire & Rubber Co.*, 388 Mass. 342, 355 (1983).

18.    **Breach of Warranty-Implied Warranty of Fitness for a Particular Purpose**

Similarly, the law provides that a warranty of fitness for a particular purpose is implied

when the seller, or manufacturer, has reason to know of the particular purpose for which the goods are required and that the buyer is relying on the seller's or manufacturer's judgment to select a suitable product. Therefore, Husqvarna has breached the implied warranty of fitness for a particular purpose if it had reason to know that the K2300 power saw would be used by the plaintiff while operating under the conditions of the accident and the design of the power saw rendered it unreasonably dangerous for that purpose. M.G.L. c.106, §2-315; *Allen v. Chance Manufacturing Co.*, 398 Mass. 32 (1986)

19.     **Breach of Warranty -- Foreseeable Use**

A product is not fit for its ordinary and foreseeable purposes if its design fails to take into account the environment in which it will be used, including the foreseeable conduct of the users of the product, and to guard against the reasonably foreseeable risks arising from its use in that setting. *Back v. Wickes Corp.*, 375 Mass. 633, 640-641 (1978).

20.     **Breach of Warranty -- Design Defect**

A breach of warranty may rest upon the existence of a defect in the *design* of the product which made the product unreasonably dangerous to its users. In evaluating the adequacy of the product's design you should consider, among other factors, the gravity of the danger posed by the challenged design, the likelihood that such danger would occur, the mechanical feasibility of a safer alternative design, the financial cost of an improved design and the adverse consequences to the product and to the consumer that would result from an alternative design. Stated otherwise, Husqvarna may be found liable for breach of warranty if you find that there was an "available design modification which would [have] reduce[d] the risk of injury without undue cost or interference with the performance" of the K2300 power saw. *Back v. Wickes Corp.*, 375 Mass. 633, 642 (1978); *Colter v. Barber-Greene Co.*, 403 Mass. 50, 57 (1988), citing *Uloth v. City Tank Corp.*, 376 Mass. 874, 881 (1978).

21.     **Breach of Warranty - Consistent Verdicts**

If you conclude that Husqvarna was negligent in designing and supplying the K2300EL power saw, the law automatically provides that any defendant found liable for negligence is also liable for breach of warranty. Any product which is dangerous enough to warrant a finding of negligence is necessarily unsuited for its ordinary purposes. On the other hand, if you conclude that Husqvarna was not negligent, you may still find it liable for breach of warranty, because the focus of a warranty claim is on the characteristics of the product and not on the defendant's conduct. *Hayes v. Ariens. Co.*, 391 Mass. 407, 408-410 (1984); *Colter v. Barber-Greene*, 403 Mass. 50, 62 (1988); *Correia v. Firestone Tire & Rubber Co.*, 388 Mass. 342, 353 (1983).

22.     **Causation**

Michael Watson will have sustained his burden of proving a causal connection between the injury and any negligence or breach of warranty by Husqvarna if such negligence or breach

of warranty was a *substantial factor* in bringing about the injury. A substantial factor is one creating a force or a series of happenings that lead to an injury. *Bernier v. Boston Edison Co.*, 380 Mass. 372, 386 (1980).

23. **Causation - Multiple Causes**

An accident or injury can have several causes. A defendant will be liable if its conduct was a substantial factor in causing the accident or injury, regardless of the fact that other persons or parties may have been at fault as well. *Delicata v. Bourlesses*, 9 Mass. App. Ct. 713, 720 (1980).

24. **Causation - Significance of Expert Testimony**

An expert's opinion based upon facts in evidence is sufficient proof of causation. *Carey v. General Motors,* 377 Mass. 736, 740 (1979).

25. **Damages - Generally**

If you find Husqvarna liable, you are to determine Michael Watson's full amount of damages caused by the accident by deciding on a monetary figure. The term "damages" refers to all the factors going to make up the total amount which Michael Watson, individually and on behalf of his son, John Watson, may recover under the law. To calculate damages, your function is to find a fair and reasonable figure. Your function is to calculate what are the damages, and to award a fair amount. There is no formula by which we determine damages. The only method by which you determine damages is to exercise your good common sense and your reason, as far as evidence is concerned, in relation to the injuries and the circumstances that bear upon injuries received. The determination of dollars and cents is determined by the exercise of common sense. *Cuddy v. L&M Equip.*, 352 Mass. 458, 464, n.4 (1967); *Binder v. Harris*, 267 Mass. 162 (1929).

26. **Damages - Proof Need Not Be Certain**

When considering what Michael Watson must show in order to be awarded full, fair and reasonable damages, recovery is not barred if there is an element of uncertainty in plaintiff's damages. Much can, and must, be left to the judgment and estimate of you, the finders of fact. *Stuart v. Brookline, 412 Mass. 251, 587 N.E.2d 1384 (1992); Agoos Leather Co. v. American & Foreign Ins. Co.,* 342 Mass. 603, 174 N.E. 2d 652 (1962).

27. **Damages -- Need Not Be Measurable With Precision**

The extent of damages may be established by just and reasonable inference, even if the result is approximate. A wrongdoer is not entitled to complain that damages for which it is responsible cannot be measured with precision *Rombola v. Cosindas,* 351 Mass. 382, 220 N.E. 2d 919 (1966); *Carlo Bianchi & Co. v. Builders Equipment & Supplies Co.,* 347 Mass. 636, 199 N.E. 2d 519 (1964); *Story Parchment Co. v. Paterson Parchmont Paper Co.*, 282 U.S. 555, 75 L.

Ed. 544, 51 S. Ct. 246 (1931).

28. **Damages - Michael Watson - Elements**

In this case, Michael Watson can only recover damages if you find liability on behalf of Husqvarna. If this is your verdict, then Michael Watson can recover certain elements of damages.

These elements of damages include the following:

1. Lost earnings and lost earning capacity, from the date of the accident until the end of his reasonably expected work life.

2. Past medical expenses, and reasonably expected future medical expenses.

3. Physical pain and suffering, from the time of the accident through whatever time period you determine any such pain and suffering is likely to persist.

4. Mental and emotional pain, suffering and stress, from the time of the accident, until such time as you determine any such harm will persist.

5. Loss of function of his body or of parts of his body.

6. Disfigurement of his person.

7. Humiliation, embarrassment, frustration and depression caused by the injuries, beginning at the time of the injuries and continuing to whatever point in time you determine such damages will persist.

8. Loss of enjoyment of life, including loss of the ability to engage in social, athletic, family or other activities.

*Cuddy v. L & M Equipment Co.*, 352 Mass. 458 (1967); *Rogers v. Boynton*, 315 Mass. 279 (1943); *Mitchell v. Walton Lunch. Co.*, 305 Mass. 76 (1940).

29. **Damages - Michael Watson - Mental Suffering**

If you find that Michael Watson suffered mental or emotional distress as a result of his injuries, you may compensate him for past, present and future pain and suffering associated with such emotional distress, including compensation for mental anguish, nervous shock, emotional disturbance, fright, terror, alarm and anxiety. You may include in your award any amount which you feel will fairly compensate him for the deterioration of his physical and emotional health as a result of the defendant's negligence and/or breach of warranty. *Simon v. Solomon*, 385 Mass. 91,

431 N.E.2d 556 (1982); *George v. Jordan Marsh Co.*, 359 Mass. 244, 268 N.E.2d 915 (1971).

30. **Damages - Michael Watson - Permanent Injuries**

If you find that the Michael Watson's injuries are permanent, you should include in your award at this time what you feel he is entitled to recover for any future mental and physical pain and suffering which he is likely to experience as a result of his injuries. This is because he is entitled to only one recovery for his injuries, which you are to make at this time. He cannot come back years or even months from now and sue for additional money for problems which may develop in the future. You must therefore include in your award now any money you feel he will be entitled to in the future for injury, expense, pain or suffering. *Stella v. Curtis*, 348 Mass. 458 (1965); *Lewis v. Springfield*, 261 Mass. 183 (1927); *George v. Jordan Marsh Co.*, 359 Mass. 244 (1971).

31. **Damages - Consortium Claims**

Under Massachusetts law, if Husqvarna is found liable for the injuries suffered by Michael Watson, then his son, John Watson, is individually entitled to compensation for the loss he suffered due to Michael Watson's inability to provide companionship, care, society and support. A child's claim for loss of consortium includes recovery for loss of the parent's society, affection, guidance and support and impairment of the parent's ability to manage the child's needs. *Norman v. Massachusetts Bay Transportation Authority*, 403 Mass. 303, 304 (1988)*; Diaz v. Eli Lilly & Co.*, 364 Mass. 153, 167-168 (1973); *Glicklich v. Speivack*, 16 Mass. App. Ct. 488, 496 (1983).

32. **Damages - Take Plaintiff as you Find Him**

The Defendant is responsible for the combined harmful effects of their wrongful acts on plaintiff, taking plaintiff as he was on the day of the accident, no matter what his prior status or accomplishments or preexisting physical or emotional condition. *Wallace v. Ludwig, 292 Mass. 251, 256 (1935); McGrath v. G&P Thread Corp., 353 Mass. 60, 63 (1967).*

        The Plaintiff
        By his attorneys

        /s/ Jonathan E. Tobin
        Jonathan E. Tobin (641509)
        Thomas Drechsler (134840)
        FINNERAN BYRNE & DRECHSLER, LLP
        50 Redfield St.
        Boston, MA 02122
        617-265-3900

## **CERTIFICATE OF SERVICE**

      I, Jonathan E. Tobin, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copied will be sent to those indicated as non-registered participants on February 21, 2007.

                                              /s/ Jonathan E. Tobin
                                              Jonathan E. Tobin