UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL WATSON, INDIVIDUALLY,
AND AS FATHER AND NEXT FRIEND OF
JOHN WATSON,
                     Plaintiff,

v.

HUSQVARNA PROFESSIONAL
OUTDOOR PRODUCTS, INC.,
                     Defendant.

CIVIL ACTION
NO: 04-11782DPW

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ANY REFERENCE TO PAST CONVICTIONS OR CRIMINAL ACTIVITY**

    The Plaintiff hereby moves this Court to issue an order precluding the Defendant from offering evidence of, or making any reference to, Michael Watson's prior conviction and past criminal activity. As grounds for his Motion, the Plaintiff states that Mr. Watsons' prior criminal activity bears no relevance on the issues in this case and are so remote in time that any probative value as to his credibility is vastly outweighed by the prejudicial effect.

**FACTS**

    Some ten years, in 1997 Mr. Watson was convicted of Trafficking in Marijuana and Conspiracy to Violate Controlled Substance Laws. After a lengthy appeal, his conviction was upheld. In 2001 Mr. Watson was punished with a sentence not in excess of one year. He served 365 days, at the South Bay (Suffolk County) House of Correction and was release in early April of 2001.

**ARGUMENT**

    Rule 609 provides that prior conviction may be admissible only only if the offence was punishable by imprisonment for more than one year and "... if the court determines that the

probative value of admitting this evidence out-weighs it prejudicial effect..." Fed.R.Evid. 609(a)(1).  The Rule also contains several criteria which aid the court in determining if the conviction can be considered relevant.  For example, Rule 609 imposes a time limit of ten years suggesting that convictions in the remote past are less relevant because the convicted individual may have been reformed. Fed.R.Evid. 609(b).

      In this case, Mr. Watson's single conviction for drug offense resulted in a sentence that was not in excess of one year and a conviction for a drug related offense is in no way probative on the seminal issues in this case such as whether the presence of the blade-brake rendered the product unreasonably dangerous or the extent of Mr. Watson's injuries.  The only purpose evidence of Mr. Watson's prior convictions can serve is to create an unfair bias among the jury members.  The First Circuit Court of Appeals has suggested that past drug offenses are not particularly relevant in civil cases as to a witness' veracity and that such offenses are highly prejudicial.  *Wierstak v. Heffernan*, 789 F.2d 968, 972 (1st Cir. 1986)(Exclusion or Plaintiff's prior drug convictions proper because probative value outweighed prejudicial effect).  The probative value of the evidence is further suspect because the conviction took place almost ten years ago. *United States v. Beahm*, 664 F.2d 414, 419 (4th Cir. 1981)(Error to admit evidence of nine-and-one-half year old conviction because of remoteness and minimal relevance).

      Mr. Watson has exhibited abundant evidence that he has been reformed.  He is a devoted father of a disabled child.  At the time of the accident he was gainfully employed earning a respectable income.  After the injury he returned to college and obtained a degree in Biology.  He has had no criminal involvement since his offence in 1997.

      Wherefore, the Plaintiff moves this Court to issue an order precluding the Defendant from

introducing evidence of Mr. Watson's prior drug conviction or any other criminal activity.

The Plaintiff
By his attorneys

/s/ Jonathan E. Tobin
Jonathan E. Tobin (641509)
Thomas Drechsler (134840)
BYRNE & DRECHSLER, LLP
50 Redfield St.
Boston, MA 02122
617-265-3900

## CERTIFICATE OF SERVICE

I, Jonathan E. Tobin, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copied will be sent to those indicated as non-registered participants on February 21, 2007.

/s/ Jonathan E. Tobin
Jonathan E. Tobin