UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL WATSON, INDIVIDUALLY, AND AS FATHER AND NEXT FRIEND OF JOHN WATSON,<br>                         Plaintiff,<br>v.<br><br>HUSQVARNA PROFESSIONAL OUTDOOR PRODUCTS, INC.,<br>                         Defendant. | CIVIL ACTION<br>NO: 04-11782DPW |

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ANY REFERENCE TO COLLATERAL SOURCE BENEFITS**

The Plaintiff hereby moves this Court to issue an order precluding the Defendant from offering evidence of, or making any reference to, Michael Watson receiving worker's compensation benefits or any other evidence of Collateral Source benefits. As grounds for his Motion, the Plaintiff states that evidence of such benefits are not relevant and that any probative value is vastly outweighed by the prejudicial effect.

**ARGUMENT**

The First Circuit has determined that the admissibility of collateral source evidence must be analyzed using Fed.R.Evid. 401, 402 and 403. *Fitzgerald v. Expressway Sewerage Construction, Inc*. 177 F.3d 71, 74 (1st Cir. 1999). In order for such evidence to be admissible, it must be relevant to an issue in the case and the probative value must outweigh the danger of unfair prejudice. Fed.R.Evid. 403. Collateral Source benefits are irrelevant on the issue of damages because, under Massachusetts substantive law, damages in a tort case are not reduced by first-party benefits received by the injured plaintiff. *Fitzgerald*, 177 F.3d at 74. In this case Mr. Watson was unable to work due to his severe injuries and received worker's compensation

benefits under the Commonwealth's statutory scheme, including medical bills and compensation. The Defendant can point to no issue in the case to which the receipt of such benefits is relevant. Accordingly they must be excluded.

Evidence of Collateral Source benefits may also be excluded if the probative value is outweighed by the danger of unfair prejudice. Fed.R.Evid. 403. The Court in *Fitzgerald* recognized the dangerous influence of such evidence stating, "To be sure, introduction of collateral source evidence almost inevitably creates a risk that a jury, informed, say that a plaintiff has recourse to first-party insurance proceeds may be unduly inclined to return either a defendant's verdict or an artificially low damage award." *Fitzgerald*, 177 F.3d at 75. Federal Courts have routinely excluded evidence that a plaintiff received insurance benefits triggered by a work-related injury. *England v. Reinauer Transportation Companies*, L.P., 194 F.3d 265, 273 (1st Cir. 1999)(Upholding exclusion of medical and income benefits received by longshoreman as unfairly prejudicial). See also *Simmons v. Hoegh Lines*, 784 F.2d 1234, 1237 (5th Cir. 1986)(Error to admit evidence of collateral source benefits because of prejudicial effect on jury); *Bourque v. Diamond M. Drilling*, 623 F.2d 351, 354 (5th Cir. 1980)(same). In this case, the fact that Mr. Watson received worker's compensation benefits bears no relevance to the issue in the case. Such information can only be used to create un unfair bias in the jury against Mr. Watson and should be excluded as unduly prejudicial.

Additionally, the workers compensation insurer maintains a lien against any recovery by Michael Watson pursuant to M.G.L. c. 152 § 15. Mr. Watson would necessarily have to satisfy said lien from any award he receives. To introduce evidence of these collateral benefits to a jury and to additionally require Michael Watson to repay those benefits from any award would create

an unfair burden on the Plaintiff and an unfair benefit for the Defendant.

Wherefore, the Plaintiff moves this Court to issue an order precluding the Defendant from introducing evidence the Mr. Watson received any worker's compensation benefits or any other first-party benefits made necessary by his injuries.

> The Plaintiff
> By his attorneys
>
> /s/ Jonathan E. Tobin
> Jonathan E. Tobin (641509)
> Thomas Drechsler (134840)
> BYRNE & DRECHSLER, LLP
> 50 Redfield St.
> Boston, MA 02122
> 617-265-3900

## CERTIFICATE OF SERVICE

I, Jonathan E. Tobin, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copied will be sent to those indicated as non-registered participants on February 21, 2007.

> /s/ Jonathan E. Tobin
> Jonathan E. Tobin