UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL WATSON, INDIVIDUALLY,
AND AS FATHER AND NEXT FRIEND OF
JOHN WATSON,
                    Plaintiff,

v.

HUSQVARNA PROFESSIONAL
OUTDOOR PRODUCTS, INC.,
                    Defendant.

CIVIL ACTION
NO: 04-11782DPW

## PETITION FOR LEAVE TO SETTLE BY AGREEMENT PURSUANT TO M.G.L. c. 152, §15

Now come the Plaintiff and the Defendant in the above-captioned case and respectfully move, pursuant M.G.L. c. 152, §15, that this Honorable Court approve settlement of the Plaintiff, Michael Watson's individual claim under the terms and conditions herein enumerated.

### I.   STATEMENT OF FACTS

1. This is a personal injury action brought by Michael Watson, Individually and as Father and Next Friend of John Watson.

2. The case arises out of an incident which allegedly occurred on December 5, 2001, on the Central Artery Tunnel Project. Michael Watson claims that he was severely injured as a result of a defectively designed saw manufactured by the Defendant.

3. Michael Watson alleges that as a result of the accident, he suffered a complete laceration of the peroneal nerve in his lower left leg. He has lost permanent control of his left foot and walks with an altered gait. Following the accident Michael Watson has been unable to return to work as a construction laborer.

4. As a result of the injuries to Michael Watson, his son, John Watson, who is six (6) years

cid (DOB: 4/18/00), autistic and legally blind, has suffered loss of the comfort, care and support of his father.

5.   On the eve of trial the parties agreed to settle the case.

6.   The terms of the proposed settlement and the facts surrounding the claims are as follows:

II.   **INJURIES AND MEDICAL TREATMENT**

Mr. Watson completely severed the peroneal nerve in his left lower extremity. He underwent corrective surgery and a year of physical therapy to correct the condition with no improvement. As a result, he has permanently lost motor control and feeling in his left foot. He walks with an altered gait, is restricted in the amount of weight he can lift and has difficulty maintaining his balance. He is unable to return to work as a construction laborer. He has now graduated from college with a major in biology.

III.   **WORKER'S COMPENSATION PAYMENTS**

Mr. Watson's employer, Modern Contiental, is insured by National Union Fire Insurance Co. ("National Union") and has paid worker's compensation benefits in this matter in the total amount of Two Hundred Sixty Seven Thousand Four Hundred Thirty-Nine and 65/100 ($267,469.65) Dollars. National Union will receive the net amount of $28,648.39 in full satisfaction of its lien.

As there is no statutory excess, there is no offset pursuant to Hunter v. Midwest Coast Transport, Inc., et al., 400, Mass. 779 (1987) in this case, and the workers' compensation insurer will continue to pay all medical expenses related to the Plaintiff's injury.

IV. **SETTLEMENT**

As a result of negotiations among the parties, an offer of One Hundred Fifty Thousand ($150,000.00) Dollars in settlement of this case has been accepted by the Plaintiff. Settlement is advisable and is in the best interest of all parties because it reasonably reflects the fair value of this claim, properly taking into consideration the serious issues concerning liability, and it avoids further costly and lengthy ligation for all parties, and results in reimbursement of the worker's compensation benefits to the insurer.

The Attorney's Fee in this matter, $50,000.00, equals one-third (1/3) of the gross settlement amount and the attorney's expenses are $21,082.26, which have been apportioned as follows:

Settlement Allocation

    To Michael Watson .................................................. $100,000.00

    To John Watson (Minor) ............................................. $50,000.00

    Total .............................................................. $150,000.00

Attorney's Fees ($50,000.00)

    Paid by Worker's Compensation Carrier .............................. $16,666.67

    Paid by Plaintiff, Michael Watson .................................. $16,666.67

    Paid by Plaintiff, John Watson (Minor) ............................. $16,666.66

    Total .............................................................. $50,000.00

Attorney's Expenses ($21,082.26)

    Paid by Workers' Compensation Carrier .............................. $4,684.94

    Paid by Plaintiff, Michael Watson .................................. $4,684.94

Paid by Plaintiff, John Watson (minor) - ($7,027.42 waived) .................. $0.00

Expenses Reduced by Byrne & Drechsler, LLP (From $21,082.26) ... *Waived* $11,712.38

Total Expenses Paid to Byrne & Drechsler, LLP .......................... $9,369.88

<u>Under the terms of the settlement, the following payments will be made to</u>:

Michael Watson (Plaintiff) ........................................ $28,648.39

John Watson (Minor) .............................................. $33,333.34

Byrne & Drechsler, LLP
(1/3 Contingency Fee) ............................................. $50,000.00

Byrne & Drechsler, LLP
(Expenses of $21,082.26) ......................... (*$11,712.38* Waived) $9,369.88

National Union Fire Insurance Co.
(In full settlement of its lien of $267,469.65
 pursuant to M.G.L. c. 152, §15) .................................. $28,648.39

TOTAL ............................................................ $150,000.00

Counsel and authorized representatives for the parties have executed this memorandum in agreement. The signatures by the attorneys for the Defendants should not be construed as an admission of liability on behalf of their respective clients. The terms of the settlement have been explained to the Plaintiff and are understood by the Plaintiff, and he wishes the Court to approve the same.

WHEREFORE, the parties request that the Court:

a.   Approve the settlement agreed to between the parties;

-5-

b.  Order that this matter be dismissed, with prejudice and without costs, all rights of appeal being waived.

| | |
|---|---|
| The Plaintiff<br>By his Attorneys | The Defendant<br>By Its Attorneys |
| /s/ Thomas Drechsler<br>Jonathan E. Tobin<br>B.B.O.#: 641509<br>James E. Byrne<br>B.B.O.#: 068560<br>Thomas Drechsler<br>B.B.O.#: 134840<br>BYRNE & DRECHSLER<br>50 Redfield St.<br>Boston, MA 02122<br>617-265-3900 | /s/ David A. Barry<br>David A. Barry<br>B.B.O.#: 031520<br>Andrew R. Levin<br>B.B.O.#: 631338<br>SUGARMAN, ROGERS, BARSHAK<br>& COHEN, P.C.<br>101 Merrimac Street, 9th Floor<br>Boston, MA 02114<br>617-227-3030 |

The Worker's Compensation Insurer,
National Union Fire Insurance Company,
c/o AIG Claims Services,

/s/ Debra Fowler
Debra Fowler, Claim Representative
AIG Insurance Company
99 High Street
PO Box 52260
Boston, MA 02205
(617) 457-2963

## CERTIFICATE OF SERVICE

I, Jonathan E. Tobin, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants on March 08, 2007.

/s/ Jonathan E. Tobin
Jonathan E. Tobin