UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL WATSON, INDIVIDUALLY, AND AS FATHER AND NEXT FRIEND OF JOHN WATSON,<br>　　　　　　　　　Plaintiff,<br>v.<br><br>HUSQVARNA PROFESSIONAL OUTDOOR PRODUCTS, INC.,<br>　　　　　　　　　Defendant. | CIVIL ACTION<br>NO: 04-11782DPW |

**JOINT PETITION FOR APPROVAL OF A SETTLEMENT OF A MINOR**
**(G.L. c. 231, § 140C ½)**

Now come the Plaintiff and the Defendant in the above-captioned case and respectfully move, pursuant M.G.L. c. 231, §140C ½, that this Honorable Court approve settlement of the claim brought by the Plaintiff, Michael Watson on behalf of his minor son, John Watson, under the terms and conditions herein enumerated.

I. **STATEMENT OF FACTS**

1. This is a personal injury action brought by Michael Watson, Individually and as Father and Next Friend of John Watson.

2. The case arises out of an incident which allegedly occurred on December 5, 2001, on the Central Artery Tunnel Project. Michael Watson claims that he was severely injured as a result of a defectively designed saw manufactured by the Defendant.

3. Michael Watson alleges that as a result of the accident, he suffered a complete laceration of the peroneal nerve in his lower left leg. He has lost permanent control of his left foot and walks with an altered gait. Following the accident, Michael Watson has been unable to return to work as a construction laborer.

4. As a result of the injuries to Michael Watson, his son, John Watson, who is six (6) years old (DOB: 4/18/00) and legally blind, has suffered loss of the comfort, care and support of his father.

5. On the eve of trial the parties agreed to settle the case.

6.  The terms of the proposed settlement and the facts surrounding the claims are as follows:

**II.  INJURIES ALLEGED BY THE PLAINTIFF**

Michael Watson's condition has created a significant and permanent disruption of the father-son relationship. The permanent injury to Michael Watson's left leg has severely effected his ability to provide for, and play with, his son, John Watson, who is blind and autistic. At the time of the accident, John Watson (DOB: 4/18/00) was less than a year old. Because of Michael Watson's problems with balance and his limited ability to lift objects, taking care of John Watson was impossible. As a legally blind and autistic child, John Watson requires constant attention and assistance which Michael Watson could not provide because of his disabled condition. Since the accident, Michael Watson has been limited in his ability to keep pace with the energetic toddler. Because of his inability to return to work, Michael Watson has not been able to pay for any special assistance that his blind autistic child has needed growing up. John Watson has grown up, over the past almost seven years, without a father that is able to run or engage in any sporting activities with him.

### OFFER OF COMPROMISE AND RELEASE

Given the serious concerns regarding liability, it is the belief of the Plaintiff that it is in the best interest of both he and John Watson to accept the settlement. The Plaintiff desires this settlement and fully understands that by accepting this settlement proposal, he waives all rights against the Defendant in connection with the incident of December 5, 2001. By way of this settlement, the Defendant has offered to pay $150,000.00, of which $50,000.00 is to be allocated to John Watson to settle his claim for loss of parental consortium, and the Plaintiff accepted said offer on behalf of his minor son. The distribution of John Watson's settlement funds will be as follows:

| | |
|---|---|
| Total Settlement | $50,000.00 |
| Attorney's Fee (1/3) | $16,666.66 |
| Expenses (itemized list attached) (1/3 of $21,082.26 = $7,027.42) | *Waived* $0.00 |
| Net to Plaintiff, John Watson to be Held in Trust by his Father, Michael Watson, as Trustee | $33,333.34 |

This settlement is not to be construed as an admission of liability by any party. Furthermore, the Defendant contests the allegations brought by the plaintiff in this claim, as referenced above, and disputes the nature and extent of the damages claimed by the Plaintiff.

## GUARDIAN APPROVAL

### Appointment of Minor Plaintiff's Parent as Guardian of Minor Plaintiff

Michael Watson has authority, as parent and next friend of John Watson, to bring and settle a claim on John's behalf. Michael Watson also seeks appointment as guardian for his minor son to receive his son's portion of the settlement proceeds. In recognition of the desirability of facilitating the appointment of guardians by the trial court in tort actions involving minors, the Massachusetts Legislature, in 1991, passed M.G.L. c 231, §140C ½ which states, in part:

> "The trial court may review and approve a settlement for damages because of personal injury to a minor or incompetent person before the court where any party has filed a petition for settlement approval signed by all parties. The trial court may make such orders and take such action as it deems necessary to effectuate the disposition of a settlement approval including but not limited to the appointment of a guardian, . . ."

Michael Watson therefore requests that the Court appoint him as guardian of his son, so that he will have authority to receive the proceeds of the proposed settlement.

### Approval of Establishment of Trust for John Watson

To effectuate the disposition of the settlement, Michael Watson further requests the court to authorize him to (1) create a trust for the benefit of his minor son, in the form attached to the proposed Order Approving Petition for Settlement Approval as Exhibit A, and (2) to transfer to himself as Trustee of the Trust, the net proceeds of the settlement which he receives as Guardian of John Watson.

The grounds for this request are that Michael Watson believes it would be in the best interest of his son if the proceeds of this settlement were held in a trust which gives him the discretion and flexibility to make disbursements from the trust for his son's benefit at any time, but which also provides that his stewardship of the settlement will continue beyond his son's death, and which also provides protection for the settlement proceeds.

WHEREFORE, the parties respectfully request that the Court review and approve the settlement, and make the orders and take the actions they have requested, or make such other orders or take such other actions as it deems necessary, pursuant to the authority granted the Court by M.G.L. c. 231, §140C ½.

A proposed form of Order is attached for the assistance and convenience of the Court.

| The Plaintiff | The Defendant |
|---|---|
| Michael Watson, individually and as father and next friend of John Watson, By his Attorneys | Husqvarna Professional Outdoor Products, Inc. By Its Attorneys |
| /s/ Thomas Drechsler | /s/ David A. Barry |
| Jonathan E. Tobin | David A. Barry |
| B.B.O.#: 641509 | B.B.O.#: 031520 |
| James E. Byrne | Andrew R. Levin |
| B.B.O.#: 068560 | B.B.O.#: 631338 |
| Thomas Drechsler | SUGARMAN, ROGERS, BARSHAK |
| B.B.O.#: 134840 | & COHEN, P.C. |
| BYRNE & DRECHSLER | 101 Merrimac Street, 9th Floor |
| 50 Redfield St. | Boston, MA 02114 |
| Boston, MA 02122 | 617-227-3030 |
| 617-265-3900 | |

**CERTIFICATE OF SERVICE**

I, Jonathan E. Tobin, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants on March 08, 2007.

/s/ Jonathan E. Tobin
Jonathan E. Tobin