UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL WATSON, INDIVIDUALLY,
AND AS FATHER AND NEXT FRIEND OF
JOHN WATSON,
                    Plaintiff,

v.

HUSQVARNA PROFESSIONAL
OUTDOOR PRODUCTS, INC.,
                    Defendant.

CIVIL ACTION
NO: 04-11782DPW

## ORDER APPROVING PETITION FOR SETTLEMENT APPROVAL PURSUANT TO M.G.L. c. 231, §140C ½

Pursuant to the authority granted to it by M.G.L. c. 231, §140C ½, the Court hereby makes the following orders and takes the following actions to effectuate the disposition of the settlement of this action:

The settlement for the amount of Fifty Thousand ($50,000.00) Dollars of the claim of John Watson, brought by his parent and next friend, Michael Watson, against the Defendant, arising out of personal injuries suffered by Michael Watson on December 5, 2001, is hereby approved.

1. Michael Watson is hereby appointed as the Guardian of John Watson.

2. The Defendant, Husqvarna Professional Outdoor Products, Inc. f/k/a Electrolux Professional Outdoor Products, Inc., is hereby authorized to pay the proceeds of the settlement of the claim of John Watson to Michael Watson, Guardian of John Watson, and Byrne & Drechsler, LLP, their attorneys.

3. Michael Watson is hereby authorized, as Guardian of John Watson, (1) to create a trust for the benefit of John Watson, in the form attached hereto as Exhibit A, and (2) to transfer to himself as Trustee of the Trust, the net proceeds of the settlement which he receives as Guardian of John Watson after deduction of legal fees and expenses, and satisfaction of any applicable liens.

/s/ Douglas P. Woodlock
Douglas P. Woodlock
United States District Judge

Dated: March 8, 2007

## THE JOHN WATSON SUPPLEMENTAL NEEDS TRUST

This is a trust agreement made the ____ of March, 2007, by me, Michael Watson, father and guardian of John Watson, of Falmouth, Massachusetts, as Guardian and Grantor and as Trustee.

1. THE TRUST FUND

1.1. Beneficiary.

This is a nonsupport, supplemental needs trust for the benefit of my son, John Watson, of South Boston, Massachusetts.

1.2. Name of trust.

This trust may be referred to as the John Watson Supplemental Needs Trust.

1.3. Initial Funding.

The donor shall initially fund this trust with the assets described in Schedule A attached hereto. By his execution hereof, the donor hereby assigns, conveys, transfers, and delivers the described assets to the Trustee on the date first written above.

1.4. Additional funding.

The Trustee may accept property from any source and upon any terms, but no property may be added, if the Trustee believes it will not be in the best interest of the primary beneficiary, John Watson (hereinafter, John.)

1.5. Irrevocability.

The donor hereby relinquishes all power to alter, amend, or revoke any provisions of this trust agreement. This trust agreement shall be irrevocable. The Trustee, however, may at any time, or from time to time, amend any administrative provisions of this trust by any instrument in writing signed and acknowledged by the Trustee. For purposes of the foregoing, the term administrative provision refers to any provision of the trust dealing with the management and administration of the trust and in no event shall any such amendment affect, enlarge, or shift any beneficial interests created hereunder.

2. THE TRUST PURPOSE

The purpose of this trust is to supplement, but not to supplant, whatever benefits and services John may from time to time be eligible to receive by reason of age, disability, or other factors, from federal, state, and local governmental and charitable sources. I have entered into this trust with the recognition that governmental and charitable programs, in themselves, contain many gaps that, if unaddressed, will greatly reduce the possibility of

1

John maintaining himself as independently as possible and having the capacity to meet his future needs for residential, personal, and other nonmedical services. It is, therefore, my intent and direction that the Trustee use the principal and income of the trust to provide John with those benefits and services, and only those benefits and services, that, in the Trustee's judgment, are not otherwise available to John from other sources as or when needed for his welfare. Without limiting the discretion of the Trustee to take whatever actions it may consider necessary for John's welfare, in accordance with the trust purposes, I desire that the trust be used in ways that will best enable John to lead as normal, comfortable, and fulfilling a life as possible.

3. PAYMENT OF INCOME AND PRINCIPAL

The Trustee may pay to John or may pay on his behalf as much of the income or principal of the trust as it shall determine in its sole and nonreviewable discretion to be necessary for John's care and well being. The Trustee may make the payments at any time, in any amounts and proportions, and for any purposes as the Trustee considers advisable, taking into account any factors it considers appropriate and having regard for the purposes of the trust described above in Section 2. Neither John nor any person acting on his behalf as guardian, conservator, guardian ad litem, attorney, or agent, except for the Trustee alone, shall have any right, power, or authority to liquidate the trust, in whole or in part, or to require payments from the trust for any purpose. The Trustee is directed to conserve and accumulate the trust estate to the extent feasible, due to the unforeseeability of John's future needs. However, accumulation or use of the trust is to be determined solely on the basis of the needs of John, without regard to the interests of the remainderpersons.

4. TERMINATION OF THE TRUST

4.1. <u>Distribution upon death of John</u>.

This trust shall terminate upon John's death, at which time the Trustee shall:

(a) Pay the trust property and undistributed income as John may appoint by will to any person or not-for-profit association; and

(b) Pay the remaining principal and undistributed income to Michael Watson, personally. If he does not survive John, the Trustee shall pay such principal and undistributed income to Amy O'Halloran.

4.2. <u>Distribution if no beneficiary living</u>.

If at any time no person is living who is eligible to receive property under the foregoing provisions of this trust, the Trustee shall pay the remaining property to the persons who would be entitled to receive John's property under the laws of Massachusetts then in force and in the proportions prescribed by such laws as if John had then died intestate, a resident of Massachusetts, and not survived by a spouse.

2

4.3. Payments to persons under twenty-five or unable to manage their affairs.

If a person becomes entitled to any income or principal before reaching the age of twenty-five years, or while, in the Trustee's opinion, a beneficiary is unable to manage his or her affairs because of physical condition or mental incapacity, whether or not he or she has any legal guardian or conservator: (a) the Trustee may pay all or any part of the property to the person or use or distribute it for his or her benefit without liability to see to the application of the payment; and (b) if the Trustee elects to set apart a separate trust, the Trustee may accumulate or retain all or any part of the property or income therefrom in trust and later may pay it as provided in clause (a). When the person under the age of twenty-five years reaches that age, or when the Trustee considers the incapacitated person to be able to manage his or her affairs, the Trustee shall pay the remaining principal and undistributed income held for such person to the person. If a person for whom property is held in trust under clause (b) dies, the Trustee shall pay the remaining trust property to the person's issue then living, per stirpes, or, if none, to the issue then living per stirpes of the person's parent, or if none, to the person's estate. This paragraph 4.3 shall not apply to John's interest in the trust during his life.

5. THE TRUSTEE

5.1. Appointment of Trustee.

(a) At present, the Trustee is Michael Watson. The term Trustee includes the original Trustee and all successor or additional Trustees.

(b) If Michael Watson s unable to serve as Trustee hereunder, I hereby appoint Amy O'Halloran of South Boston, Massachusetts, to serve as successor Trustee hereunder. I may appoint successor and additional Trustees; otherwise, successor Trustees shall be and additional Trustees may be appointed as follows:

(i) by the remaining Trustee or Trustees, or, if none, by the resigning Trustee; or,

(ii) if there is no remaining or resigning Trustee, by a majority of my legally competent issue then living.

(c) John may not serve as Trustee. A successor Trustee need not be appointed if at least one Trustee continues to serve.

(d) The appointment of a Trustee shall be effective upon acceptance.

5.2. Removal or resignation of Trustee.

(a) I may remove any Trustee by notice to that Trustee. After my death or incapacity any Trustee may be removed on thirty days' notice to that Trustee by a majority of my legally competent issue then living, provided that after such removal there shall be an

independent Trustee serving. An independent Trustee is an individual or an institution who has no beneficial interest in the trust, who is a bank or trust company, a professional Trustee, investment advisor or manager, investment banker, accountant, or lawyer, and who is not related or subordinate to John or his spouse, if any, or any of his children as defined in section 672(c) of the Internal Revenue Code of 1986, as amended.

(b) A Trustee may resign by giving thirty days' notice to me, or, if I am not then living and legally competent, to a majority of my legally competent issue then living, or, if there are no persons so qualified, to the remaining or succeeding Trustee, provided that the resignation of a sole remaining Trustee shall become effective only upon the appointment and acceptance of a successor Trustee.

(c) A Trustee shall cease to serve in the event of his or her incapacity. A Trustee's incapacity shall be established by (i) a certificate signed by two licensed physicians and delivered to the Trustee being removed and the remaining Trustees or, if no Trustee is then remaining, to the succeeding Trustee, stating that the Trustee is not capable of managing the financial affairs of the trust or (ii) the appointment of a guardian or conservator for the Trustee.

5.3. Additional Trustee provisions.

(a) Each appointment, removal, resignation, acceptance, or notice under this section 5 shall be in writing and, without affecting the validity of any action, copies shall be given to all the Trustees. Any notice may be waived by the person to whom it is to be given.

(b) Each successor or additional Trustee, whether or not named by me, shall have all the rights and powers of the original Trustee, except as limited by this agreement or by law. Title to the trust fund shall vest in each successor or additional Trustee by virtue of the Trustee's appointment and acceptance without any further instrument of transfer or conveyance.

(c) When there is a vacancy, the remaining Trustee or Trustees shall act alone until the vacancy has been filled, unless disqualified from acting by this agreement or by law. During the absence or disability of any Trustee, the remaining Trustee or Trustees, except where disqualified, may act alone subject to any limitations imposed in writing by the absent or disabled Trustee.

(d) Anyone dealing with the trust property may rely on a writing signed by any Trustee as to the Trustee's authority to act on behalf of the trust.

5.4. General powers of Trustee.

In addition to all common law and statutory authority, the Trustee, except as otherwise provided, shall have power without approval of any court and in any manner it considers advisable:

4

(a) to retain any property in the form in which it is received;

(b) to repair, insure, or otherwise care for any tangible personal property and to pay any shipping or other expenses relating to the property as the Trustee deems advisable;

(c) to abandon any property the Trustee considers worthless;

(d) to invest income and principal without being subject to legal limitations on investments by fiduciaries;

(e) to sell, mortgage, exchange, lease, or otherwise dispose of or encumber any property on any terms, no purchaser being bound to see to the application of any proceeds and whether or not the effect thereof extends beyond the term of this trust;

(f) to keep property in the name of a nominee;

(g) to pay, compromise, or contest claims or controversies involving the trust, including claims for taxes;

(h) to determine what part of the trust property is income and what part is principal;

(i) to exercise all the rights that may be exercised by any security holder in an individual capacity and to delegate any such rights;

(j) to borrow any amounts;

(k) to allot in or toward satisfaction of any payment, distribution, or division, pro rata or non-pro rata, any property in the estate at the then current fair market value determined by the Trustee;

(l) to hold trusts and shares undivided or at any time to hold the same or any of them separate; and

(m) to retain any investment counsel and advisors, accountants, depositories, custodians, brokers, attorneys, and agents and to pay them the usual compensation for their services, to accept and act upon the recommendations of investment counsel and advisors, and to delegate to any investment counsel and advisors, custodians, brokers, or agents retained by the Trustee any ministerial or discretionary powers.

5.5. <u>Bonds and accounts</u>.

(a) No Trustee shall be required to give bond, or, if a bond is required by law, no sureties on the bond shall be required.

(b) Any account of the Trustee assented to in writing by me or, if I am not living and legally competent, by my said husband, or, if he has died or is not available, by a

5

guardian, conservator, or attorney-in-fact for John, shall be conclusive, except for fraud or manifest error, on all parties in interest, whether or not of full age or in being or ascertained. Nothing in this paragraph shall be construed to give anyone the power or right to enlarge or shift the beneficial interest of any beneficiary. If a person whose assent would be required if legally competent is under guardianship or conservatorship, the guardian or conservator may act on behalf of the person and the guardian's or conservator's assent shall be required. The failure of any person to object to any account by a writing mailed to the Trustee within sixty days after the mailing of a copy of the account to that person shall be conclusively deemed an assent by that person. The Trustee may present any trust accounts for allowance to a court of competent jurisdiction, and no guardian ad litem shall be appointed in that proceeding.

5.6. Delegation among Trustees.

Any Trustee may delegate to any other Trustee acting under this instrument, if any, the power to exercise any or all powers granted the Trustee in this agreement, including those that are discretionary. The Trustee may revoke any such delegation at will. The delegation of any such power, as well as the revocation of any such delegation, shall be evidenced by an instrument in writing executed by the delegating Trustee. So long as any delegation is in effect, any of the delegated powers may be exercised by the Trustee receiving such delegation with the same force and effect as if the delegating Trustee had personally joined in the exercise of such power.

5.7. The Trustee's fee.

The Trustee shall be entitled to fair and reasonable compensation for the services the Trustee renders a beneficiary or the trust. The amount of compensation shall be an amount equal to the customary and prevailing charges for services of a similar nature during the same period of time and in the same geographic locale. The Trustee shall be reimbursed for the reasonable costs and expenses incurred in connection with the Trustee's fiduciary duties performed under this agreement.

5.8. Majority required for control.

The concurrence and joinder of a majority of the Trustees, if more than one Trustee is acting, shall control in all matters pertaining to the administration of the trust created under this agreement. If only two Trustees are acting, the concurrence and joinder of both shall be required. When more than two Trustees are acting, any dissenting or abstaining Trustee may be absolved from personal liability by registering a dissent or abstention with the records of the trust; the dissenting Trustee shall thereafter act with the other Trustees in any manner necessary or appropriate to effectuate the decision of the majority.

5.9. Real property and environmental matters.

The Trustee shall have the following rights and powers with regard to real property,

operating businesses, and environmental matters:

(a) The right to inspect all real property and business trust assets and to require the trust to pay reasonable costs of determining the existence and nature of any real or potential hazardous wastes on or in such real property prior to accepting the role and responsibility of Trustee hereunder.

(b) As Trustee, the right and power to inspect all real property trust assets and to take all and any reasonable steps, at trust expense, to prevent, stop, or abate any actions or conditions that constitute or may constitute violations of any environmental legislation or regulation.

The Trustee shall also be held harmless and indemnified with regard to any claims that may arise with regard to real property or business trust assets, regardless of when allegedly violative actions were taken with regard to such real property and regardless of by whom such actions were taken. The Trustee shall similarly be held harmless and indemnified for any liability or costs or expenses that may arise from hazardous waste and other environmental legislation or litigation. It is the grantor's intent and direction that the Trustee suffer no personal financial exposure or risk on account of such environmental issues while serving as Trustee.

## 6. BENEFICIARIES' INTERESTS AND POWERS

### 6.1. Interests of beneficiaries not to be alienated.

The interest of any beneficiary under this agreement shall not be subject to assignment, alienation, pledge, attachment, or claims of creditors.

### 6.2. Disclaimers.

In addition to any power to disclaim conferred by law, any beneficiary (including the executor or administrator of a beneficiary's estate) may disclaim in whole or in part any power or interest granted to the beneficiary under this agreement. If a beneficiary disclaims any interest before having received any benefits of the interest, then the property subject to the interest shall pass as if the beneficiary had died before becoming entitled to it. If a beneficiary releases any interest after having received any benefits of the interest, then the property subject to the interest shall pass as if the beneficiary had then died.

### 6.3. Payments for beneficiaries.

(a) Income payable to a person and income or principal that in the discretion of the Trustee may be paid to a person may be used by the Trustee for the person's benefit whether or not that person is legally competent or under conservatorship or guardianship.

(b) Payments of any amount to be made to a minor may be made to a custodian for

7

the minor under the Uniform Transfers to Minors Act or any similar statute.

(c) If property becomes payable to the estate of any person and the Trustee believes there is no duly appointed fiduciary and that none is contemplated, the Trustee may, upon being furnished suitable indemnity, make payment to the persons who the Trustee believes are entitled to the payment, without liability to see to the application of the payment.

6.4. Powers of appointment.

Any power of appointment by will granted under this agreement can be exercised only by will by specific reference to this agreement and the power to be exercised and shall include the right to appoint all or part of the property subject to the power, to appoint outright, to give to the appointee or appointees different types of interests and general or limited powers of appointment, to appoint in trust and create separate trusts, to appoint a new Trustee or Trustees, and to give a Trustee or Trustees discretion to pay or apply income and principal within the class of permissible appointees.

7. DEFINITIONS AND CONSTRUCTION

7.1 Income.

Income means net income and accumulated income not added to principal. Undistributed income at the termination of the income interest to which it relates shall be dealt with as if accrued and received thereafter.

7.2. Distributions per stirpes.

Where distribution of income or principal is to be made to a person's issue per stirpes, the person's children, whether or not living at the time of the distribution, shall be treated as the original stocks, and a further subdivision shall be made at each succeeding generation.

7.3. Adopted children.

The words child and issue and the like include persons adopted in their minority and persons tracing descent through one or more such adopted persons in all respects as if descended by blood and include persons descended by blood, unless adopted while under the age of one year old by someone other than a step-parent, grandparent, aunt or uncle, or guardian named by the adopted person's natural parent.

7.4. Survival.

Where it is required by this agreement that any person shall have survived another, that requirement means that the person shall have survived the other person by at least thirty days.

7.5. <u>Rule against perpetuities</u>.

Regardless of any other provisions contained in this agreement, all trusts under this agreement shall terminate no later than twenty-one years after the death of John.

7.6. <u>Governing law and construction</u>.

This agreement shall be construed, governed, and administered in accordance with the laws of the Commonwealth of Massachusetts. The headings of the paragraphs of this agreement are inserted for convenience only and shall not affect its construction. In the construction of this agreement the gender of pronouns and the singular or plural form of words shall be disregarded where appropriate. References to provisions of the Internal Revenue Code shall be deemed to include any corresponding provisions of subsequent federal tax laws.

7.7. <u>Effective date</u>.

This instrument shall take effect when signed by me as Donor and Trustee.

Witness the execution hereof under seal as of the date first written above.

_____
Michael Watson, Guardian/Donor


_____
Michael Watson, Trustee

## THE JOHN WATSON SUPPLEMENTAL NEEDS TRUST
## SCHEDULE A

Cash            $33,333.34